KAHN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 238.

1. BANKRUPTCY (§ 495*)—OFFENSES—FALSE OATH.

The offense of having made a false oath in a bankruptcy proceeding, denounced by Bankr. Act July 1, 1898, c. 541, § 29, subd. "b" (2), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), is not of equal enormity with perjury, and is not within the rule that proof of perjury, in order to sustain a conviction, must be by two witnesses, or one witness and corroborating circumstances.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. § 495.*]

2. BANKRUPTCY (§ 495*)—FALSE OATH—WEIGHT OF EVIDENCE.

In a prosecution for false swearing in a bankruptcy proceeding, in violation of Bankr. Act July 1, 1898, c. 541, § 29, subd. "b" (2), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), evidence which not only contradicts the testimony of the defendant, but so far preponderates it as to justify the jury in finding that the latter was not only false, but was made by defendant knowingly and fraudulently, is sufficient to sustain a conviction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. § 495.*]

In Error to the District Court of the United States for the Southern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William J. Kahn was convicted of having made a false oath in a bankruptcy proceeding, in violation of Bankr. Act July 1, 1898, § 29, subd. "b" (2), and be brings error. Affirmed.

W. M. K. Olcott and Terrence J. McManus, both of New York City, for plaintiff in error.

H. Snowden Marshall and Kenneth M. Spence, both of New York City, and Roger B. Wood, for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The indictment contains two counts. The first count under which the defendant was convicted—the second count being dismissed by the court—charges the defendant with having knowingly and fraudulently made a false oath in a proceeding in bankruptcy. The specific charge is that in the bankruptcy proceedings instituted against the defendant and Louis J. Kahn, the defendant, having been duly sworn in a proceeding before Referee Olney, gave false testimony. The facts sworn to by him, which are alleged to be false, were as follows:

First. That he, the defendant, borrowed $3,000 from Aaron Waldman to settle a case which was brought against him by Daniel Pimenthal.

Second. That he did settle the case by giving nine notes in the sum of $250 each, aggregating $2,250, and with the money borrowed from Waldman he paid one of the notes amounting to $250 and paid $250 to his attorney Joseph Lichtenberg for services, and thereafter he paid another of the said notes amounting to $250.

Third. That he repaid the said Waldman with moneys belonging to his firm—Kahn Bros. & Co.

The indictment charges that it was not true that the defendant borrowed $3,000 from Waldman or that he borrowed said sum to settle the Pimenthal suit or that he did settle the said suit, by giving notes as alleged, or in any other manner. It charges further that it is not true that the defendant paid any of the said notes from moneys borrowed from Waldman or from any other moneys or that he repaid Waldman the moneys loaned by him. The indictment further charges that when he swore before the referee, the defendant well knew that he did not borrow the sum of $3,000 from Waldman at any time and that he did not settle the said case either by giving notes or in any other manner and that he did not pay any of the notes given in settlement of the Pimenthal Case and that he did not repay Waldman any of the money which had been loaned by him to the defendant.

There can be no doubt that the borrowing of the money from Waldman and the giving of the notes to Pimenthal in settlement of the suit brought by him against the defendant were material, relevant and proper subjects of inquiry before the referee and that if the bankrupt swore falsely as to these matters he was guilty of having made a false oath under the statute above referred to.

This controversy and the testimony bearing thereon was clearly stated to the jury by the trial judge and they were instructed that:

"The question in this case is whether, upon and at this proceeding before the referee he (defendant) swore 'knowingly, fraudulently and falsely,' and that is the question you have to consider."

[1] No exception was taken to the charge, no requests to charge were made, no motion to dismiss or to direct a verdict was made at the close of the testimony. The evidence tended to show that each and all of the three statements as before enumerated were false. It is said, however, that their falsity was not shown by the clear and convincing proof necessary in perjury cases, which the defendant maintains requires the direct testimony of at least one witness supported by proof of corroborating circumstances. It must be remembered that this prosecution is brought under a special provision of the Bankruptcy Act making it an offense, punishable by imprisonment for a period not exceeding two years, to make a false oath, knowingly and fraudulently in a proceeding in bankruptcy. Of course, broadly stated, this is a perjury statute, but we should not overlook the fact that at the time the present Bankruptcy Act was passed there was on the statute book, and had been for over a hundred years, a general perjury statute (now section 125 of the Criminal Code, Act March 4, 1909, c. 321, 35 Stat. 1111 [U. S. Comp. St. Supp. 1911, p. 1625]) which provides that a person found guilty under its provisions "shall be fined not more than two thousand dollars and imprisoned not more than five years."

If Congress regarded the crime of false swearing in bankruptcy proceedings as equal in enormity to the crime of perjury, what necessity was there for section 29b (2) at all? The fact that the word *perjury* does not appear in the later act and that the term of imprisonment was reduced from five years to two years and the $2,000 fine omitted altogether, makes it clear that Congress in the Bankruptcy Act was dealing with a crime not in its judgment so aggravated as the crime of perjury. If this view of the situation be correct it is manifest that the burden of proof in perjury cases is not necessarily applicable here. However, the ancient rule of the common law requiring two witnesses to contradict the defendant's oath has been practically annulled and at present the rule in several jurisdictions means hardly more than the common-law rule that the defendant must be proved guilty beyond a reasonable doubt.

The rule is stated in Cyc. vol. 30, page 1452, as follows:

"Positive and direct evidence is absolutely necessary in a perjury case. Direct evidence is not limited to a denial in ipsissimis verbis of the testimony given by the defendant, but includes any positive testimony of a contrary state of facts from that sworn to by the defendant on trial, or which is absolutely incompatible with his evidence, or physically inconsistent with the facts so testified to by him."

In U. S. v. Wood, 14 Pet. 430, 10 L. Ed. 527, the court reached the conclusion that where the contradiction comes directly from the defendant perjury may be proved without the aid of a living witness. In other words, the court held that rule is not an arbitrary one and where the probative force of the testimony is equal to that of two witnesses or to one witness corroborated, it is sufficient.

In Hashagen v. United States, 169 Fed. 396 at page 399, 94 C. C. A. 618 at page 621, the court, speaking of the old rule, says:

"But this strictness has long since been relaxed, and we find many cases in the books where convictions have been sustained upon the testimony of a single witness, corroborated by circumstances proved by independent evidence sufficient to warrant the jury in saying that they believe one rather than the other."

In the case of People v. Doody, 172 N. Y. 165, 64 N. E. 897, the Court of Appeals of New York upheld a conviction of perjury where the defendant swore that he did not remember certain material facts when the testimony showed that he did remember them.

[2] Without pursuing the subject further we think that the ancient rule has become inapplicable to modern conditions and has been relaxed to such an extent that evidence which not only contradicts the testimony of the defendant but so far preponderates it as to justify the jury in finding that the latter was not only false but was made by the defendant knowingly and fraudulently is all that it required to prove a crime under 29b (2) of the Bankruptcy Act.

Without discussing the testimony in detail we think the jury was justified in finding that the defendant testified falsely when he swore that he borrowed $3,000 from Waldman to settle the Pimenthal suit and that he did settle it by giving nine $250 notes and paid Waldman with money belonging to Kahn Bros. & Co.

The judgment is affirmed.