### HOPKINS v. UNITED STATES.

#### (Circuit Court of Appeals, Second Circuit. June 6, 1916.)

#### No. 303.

**1.** CRIMINAL LAW ☞1054(1)—APPEAL—ASSIGNMENTS OF ERROR.

Rulings on the admission of evidence, as to which no exceptions were taken, cannot be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2662; Dec. Dig. ☞1054(1).]

**2.** BANKRUPTCY ☞495—OFFENSES—FALSE OATHS—EVIDENCE.

In a prosecution for making false oaths in a proceeding in bankruptcy, the judgment roll in a previous action, to which defendant was a party, is properly admitted in evidence as bearing on defendant's motive and the reason for his testimony in the bankruptcy proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. ☞495.]

In Error to the District Court of the United States for the Eastern District of New York.

Clarence E. Hopkins was convicted of having made false oaths in a bankruptcy proceeding, and he brings error. Affirmed.

J. Grattan MacMahon, of Brooklyn, N. Y., for plaintiff in error.
Melville J. France, of Brooklyn, N. Y., for the United States.

Before COXE and WARD, Circuit Judges.

COXE, Circuit Judge. The indictment charged the defendant with having sworn falsely in seven distinct instances in bankruptcy proceedings in violation of the provisions of the Bankruptcy Act.

Section 29, subdivision b (2), provides that:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently * * * made a false oath or account in, or in relation to, any proceeding in bankruptcy."

[1] The defendant has filed seven assignments of error. Assignment No. II relates to the admission of the judgment roll in the suit of Edward A. Mager v. Clarence E. Hopkins, but no exception was

taken by the defendant to the ruling of the court. The same is true of all the rulings of which error is predicated except as to the rulings pointed out in the first and sixth assignments of error, which relate respectively to the admission of the judgment roll in the case of Helena Lindner against Clarence E. Hopkins and the admission of the testimony of Edward A. Mager that his earnings did not exceed $1,500 annually.

[2] Regarding the admission of the judgment roll in Lindner v. Hopkins, we think no reversible error was made; it was admissible as bearing upon the defendant's motive and the reason for his testimony in the bankruptcy proceedings.

The testimony of Mager which was objected to was proper as bearing upon the probability of his making a loan to the bankrupt of $1,900.

Within the rule laid down by this court in Kahn v. United States, 214 Fed. 54, 130 C. C. A. 494, we think that the conviction of the defendant was amply sustained by the proof.

The judgment is affirmed.