ROSENTHAL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1918.)

No. 4888.

1. BANKRUPTCY ⊕⩵486—OFFENSE—FALSE SWEARING.

One guilty of false swearing in a bankruptcy proceeding is punishable under Bankruptcy Act July 1, 1898, c. 541, § 29b(2), 30 Stat. 554 (Comp. St. 1916, § 9613), denouncing the offense of false swearing in bankruptcy proceedings, instead of under Penal Code (Act March 4, 1909, c. 321) § 125, 35 Stat. 1111 (Comp. St. 1913, § 10295), which is the general statute applicable to prosecutions for perjury, for the Bankruptcy Act provides a lighter punishment and a shorter period of limitations than the general

⊕⩵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

statute, and for one offense there can be only one prosecution and conviction.

**2. CRIMINAL LAW ⬡⟹565—LIMITATIONS—EVIDENCE.**

In a prosecution for false swearing in a proceeding in bankruptcy, a conviction cannot be supported where defendant pleaded not guilty, and the only showing that the offense occurred within the limitation of one year prescribed by Bankruptcy Act, § 29d (section 9613) was the unsupported statement of the district attorney as to when defendant was sworn in the bankruptcy proceeding.

**3. WITNESSES ⬡⟹387—EVIDENCE—EXAMINATION OF WITNESSES.**

In such a prosecution it was improper to allow the government, in examining a hostile witness, to bring out on cross-examination the whole of his testimony given before the referee in bankruptcy; it not appearing it was done for the purpose of refreshing his memory.

Smith, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Joseph Rosenthal was convicted of false swearing in bankruptcy, and he brings error. Judgment reversed, with directions to grant new trial.

Douglas W. Robert, of St. Louis, Mo., for plaintiff in error.

Vance J. Higgs, Asst. U. S. Atty., and Arthur L. Oliver, U. S. Atty., both of St. Louis, Mo.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. [1] The defendant, plaintiff in error, was indicted in two counts for false swearing, in a proceeding in bankruptcy, before the referee in bankruptcy. Each of the counts is for the same alleged offense; one count being evidently drawn under section 29b(2) of the Bankruptcy Act, and the other under section 125 of the Penal Code. There can only be one prosecution and conviction for one offense, and Congress undoubtedly was of the opinion that false swearing in bankruptcy proceedings is not equal in enormity to the crime of perjury, as the punishment for false swearing in a proceeding in bankruptcy is less severe, and the time within which the prosecution must be instituted two years less than that for the crime of perjury under section 125 of the Penal Code. It was so held in Wechsler v. United States, 158 Fed. 579, 86 C. C. A. 37; Kahn v. United States, 214 Fed. 54, 130 C. C. A. 494; Ulmer v. United States, 219 Fed. 641, 134 C. C. A. 127. We therefore hold that the defendant could only be prosecuted under section 29b(2) of the Bankruptcy Act, and not under section 125 of the Penal Code.

[2] Section 29d of the Bankruptcy Act provides:

"A person shall not be prosecuted for any offense arising under this act unless the indictment is found or the information is filed in court within one year after the commission of the offense."

A careful examination of the record fails to show any evidence whatever when the alleged false testimony was given by the defend-

ant. The only reference to the date of defendant's testimony before the referee was in a colloquy with the court, as follows:

"The Court: I am asking the question as to whether it is admitted or denied that he testified (meaning the defendant).

"Mr. Robert (counsel for defendant): We deny that he testified in any proceeding before Referee Coles.

"The Court: I think your record shows that he testified on the 29th day of July, 1915.

"Mr. Oliver (U. S. Attorney): It says the oath was administered to him and he gave testimony.

"The Court: 29th day of July, 1915, testified, stands on proof."

This was not admitted by counsel for defendant; therefore the only proof as to the date of the commission of the alleged offense was the unsupported statement of the district attorney. This was clearly not evidence, and, as the plea of "not guilty" was a denial of every material allegation in the indictment, the failure to prove by competent evidence that the alleged offense was committed within one year prior to the finding of the indictment is fatal, and necessitates a reversal.

[3] Another error committed was the admission of the testimony of Lipschitz, the main witness for the government, without whose testimony there was practically no evidence to justify a verdict of guilty. While, in view of his testimony, as given before the referee, it was proper to permit him to be examined as a hostile witness, and as one whose testimony at the trial was a surprise to the government, it was improper to read to him all of his testimony before the referee, by way of cross-examination, and ask him, as every question and answer was read before the jury, "Did you not on the former occasion testify as follows?" This was not for the purpose of refreshing his memory, but was in fact introducing his testimony, in an examination before the referee under section 21 of the Bankruptcy Act (Comp. St. 1916, § 9605). This was error. Commonwealth v. Jeffs, 132 Mass. 5; Chamberlayne on the Modern Law of Ev. § 3507.

For the errors indicated, the judgment of the court below is reversed, with directions to grant a new trial.

SMITH, Circuit Judge, dissents.