## SCHONFELD v. UNITED STATES.*

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

No. 56.

1. **Bankruptcy ⬤495—Perjury ⬤33(1)—Evidence held to sustain conviction for concealing property from trustee and for perjury.**

Evidence showing the improbability of bankrupt's testimony that he was robbed of a wallet containing diamonds worth $115,000 just before his bankruptcy *held* sufficient to sustain a conviction for perjury in testifying to the robbery before the referee, and for fraudulently concealing from his trustee the diamonds he claimed were stolen.

2. **Criminal law ⬤1159(1)—Verdict is binding as to facts.**

Finding of the jury on questions of fact is binding on the Court of Civil Appeals on writ of error to a conviction for crime.

3. **Bankruptcy ⬤242(2)—False testimony before referee is admissible on charge of perjury.**

Where accused went to trial without objection on an indictment containing separate counts charging concealment of property from the trustee in bankruptcy and perjury, his testimony before the referee was admissible on the perjury charge, notwithstanding Bankruptcy Act, § 7a, subd. 9 (Comp. St. § 9591), providing that no testimony given by a bankrupt on his examination shall be offered against him in any criminal proceeding.

4. **Criminal law ⬤824(8)—Accused must request charge limiting effect of evidence.**

Where accused was tried under an indictment containing two counts, and evidence was offered against him which was competent as to one of the counts, he cannot complain that the court did not limit the effect of such evidence to that count, where he did not direct the court's attention to that question.

5. **Bankruptcy ⬤495—Schedules held admissible in prosecution for concealment of property and perjury.**

In a trial for concealing property from a trustee in bankruptcy and for perjury in the testimony before the referee, it was not error to admit in evidence the schedules in bankruptcy filed by accused, without limiting them to the perjury count.

6. **Perjury ⬤32(7)—Testimony by bankrupt before referee held admissible.**

Where the indictment charged accused with perjury and false testimony before the referee in bankruptcy to the effect that he had been robbed of certain diamonds just before his bankruptcy, and the transcript of his testimony before the referee showed that he had first testified to the robbery before the commissioner, but that in his testimony before the referee he adopted his former testimony and substantially repeated it,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 256 U. S. —, 42 Sup. Ct. 316, 66 L. Ed. —.

with additions, it was not error to admit in evidence the testimony given before the referee.

**7. Witnesses ⬅═380(5), 397—Government can question own witness as to previous statements, when surprised by testimony, but such statements do not establish offense.**

Where the government is surprised by the testimony of a witness called by it, who was related to accused, it can question him as to previous statements by him inconsistent with such testimony, though proof of such inconsistent statements is not sufficient to establish the offense.

**8. Criminal law ⬅═651(½)—Court need not accompany jury on view of premises.**

Permitting the jury to view the scene of the crime is within the discretion of the court, and is permitted to enable the jury to understand the evidence; but it does not constitute the taking of testimony, and it is not necessary that the judge accompany the jury.

**9. Bankruptcy ⬅═495—False swearing in bankruptcy does not require same proof as perjury.**

False swearing in bankruptcy, contrary to Criminal Code, § 125 (Comp. St. § 10295), is not equal in enormity to the crime of perjury denounced by the general statute, and the burden of proof in perjury cases, requiring two witnesses to contradict the oath of accused, is practically annulled, and the burden on the government is only to prove beyond a reasonable doubt the guilt of accused.

**10. Criminal law ⬅═1134(4)—Denial of new trial is not reviewable.**

Refusal to grant a new trial after a verdict of guilty is not reviewable.

**11. Criminal law ⬅═1129(8)—Filing of additional assignments after writ of error not approved.**

Since the filing of assignments of error is a condition to the granting of the writ of error, under rule 10 (235 Fed. vi, 148 C. C. A. vi), errors not assigned in accordance with the rule will be disregarded, unless a plain error is apparent; the growing practice of allowing additional assignments after the writ of error is issued being disapproved.

In Error to the District Court of the United States for the Southern District of New York.

Samuel Schonfeld was convicted of fraudulently concealing property from his trustee in bankruptcy, contrary to Bankruptcy Act, § 29b (Comp. St. § 9613), and falsely testifying before the referee in bankruptcy, contrary to Criminal Code, § 125 (Comp. St. § 10295), and he brings error. Affirmed.

Elijah N. Zoline, of New York City, for plaintiff in error.

William Hayward, U. S. Atty., of New York City (John E. Joyce, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was indicted by the grand jury on two counts. The first count charged that during the year 1920, including the 9th of July, 1920, the plaintiff in error was engaged in the jewelry business in New York City, and that on the 9th of June, 1920, a petition in bankruptcy was filed against him in the District Court for the Southern District of New York, and he was adjudicated a bankrupt. It alleges that, while a bankrupt, he unlawfully and fraudulently concealed from his trustee in bankruptcy, $100,000

worth of diamonds; that the plaintiff in error had a large number of creditors, who proved claims against him; that there were not sufficient assets or property belonging to the bankrupt to pay all the claims of his creditors in full.

The second count alleges that the plaintiff in error committed perjury in violation of section 125 of the federal Criminal Code (Comp. St. § 10295), in that he took an oath before a referee in bankruptcy and testified falsely that on June 5, 1920, two men, at his place of business in New York City, forcibly took from his possession a wallet containing the diamonds in question, whereas, in truth and fact, no such robbery took place, and it is alleged that the plaintiff in error did not believe it to be true, when he testified, that on June 5, 1920, the two men forcibly took from his possession the wallet containing the diamonds in question.

[1] The evidence offered by the government was sufficient to warrant the submission of the question to the jury as to whether or not such a robbery took place as stated by the plaintiff in error in his testimony; also the question of concealing. If it was true, as he stated, that he had jewelry worth $110,000, and it was false, as he stated, that he was robbed of this jewelry, his failure to turn it over to his trustee in bankruptcy was sufficient evidence to warrant the submission of the evidence to the jury of the question of his concealment of his assets. It likewise was testimony in proof of the charge of perjury. On the trial he did not testify, and no evidence was offered in his behalf.

The plan and photograph of the place of business was offered in evidence. The two strangers who, he says, entered, posed as customers, and negotiated with him in the inner office, and were before his open safe while he held his entire stock of diamonds within their sight. By examining the plan, it is disclosed that the alleged robbers, in making their escape, would have to pass from the inner to the outer office, and then through a door from the outer office leading into the hall of the building. When outcry was made by him, and this was made, according to the plaintiff in error's story, immediately upon the commission of the assault, one Wertheim rushed from his factory toward the office. The door leading from the factory opened into the outer office almost adjoining the main door, which opened from the hall. Wertheim, in doing this, would traverse a point which the robbers would necessarily pass in their flight. He says he saw no one. One Tammas was standing in the hall three or four minutes waiting for an elevator, and he saw no one pass. An adjoining tenant rushed from his office upon hearing the outcry, and was advised at once that a robbery had been committed. He descended through the stairway to the street and saw no one. This, together with the evidence of the physical conditions, as shown by the plans of the office, was the testimony which the government offered to disprove the plaintiff in error's claim of a robbery.

[2] There are circumstances which, as given in the narrative of the plaintiff in error to the police officers, bear out the government's claim that the robbery was a pretended one, and never in point of fact occurred. Evidence was offered to show the condition of the plaintiff

in error's business. This showed a poor financial condition and indicated a motive for pretending a robbery and thus aid in the concealment of the diamonds. The finding of the jury on these questions of fact is binding upon us, and unless there be error of law in the rulings of the court, the conviction must stand.

[3, 4] The first assignment of error is that the court below, in violation of section 7a, subd. 9, of the Bankruptcy Act (Comp. St. § 9591), admitted in evidence the testimony of the plaintiff in error before the referee in bankruptcy, without limiting such testimony to the perjury count alone. But the plaintiff in error, without objection, went to trial on both the concealment and perjury charges. Section 7a, subd. 9, provides that no testimony given by a bankrupt upon his examination shall be offered in evidence against him in any criminal proceeding. The court was not requested to limit or restrict the evidence when offered, and the claim now presented, that this evidence should not have been admitted on the concealment charge, was never presented below. Undoubtedly, it was competent and admissible for the perjury charge. As to the concealment charge, the testimony would have no value to the government. It did not tend to prove that the plaintiff in error concealed his assets, and, quite the contrary, it tended to disprove concealment. That the testimony was false was the essence of the perjury charge, and it was properly admissible. It had no bearing beyond the perjury charge. While it was wholly incompetent as to the concealment count (Cameron v. United States, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448), and was competent as to the perjury count of the indictment, it was not error to admit such testimony upon this trial of both counts of the indictment. Below it was necessary for counsel to direct the court's attention by an instruction to the limitation of such testimony in order to raise the question which is now presented by the plaintiff in error.

[5] Error is assigned for the admission, without limitation to the perjury count, of the schedules in bankruptcy filed by the plaintiff in error. We find no error in this.

[6] Error is assigned in admitting in evidence, and permitting the prosecuting attorney to read in the record, excerpts from the testimony given by the plaintiff in error before the referee in bankruptcy. It is said that as to this testimony there was no proof that the excerpts read from the manuscript of the proceedings before the referee were true and correct copies of the testimony given by the plaintiff in error before the referee, or that such testimony was, in fact, testified to by the plaintiff in error in the manner and form charged in the indictment. The plaintiff in error testified as to the alleged robbery before a special commissioner. Reference was made to this testimony before the referee. In his testimony before the referee (it is this testimony that is charged in the indictment to be false), he reiterated the story given before the special commissioner that two men forcibly took the wallet from his possession. He repeated and adopted this testimony before the referee, and said further that he paid $115,000 for the diamonds that were in his wallet that was taken from him; also that the wallet contained nothing but diamonds, and that nothing else was taken from

his place. He described conditions as to the office and the arrangement of furniture on the day of the alleged robbery. We are satisfied that his testimony as given before the referee was but a repetition, and as full and complete, as that given before the special commissioner.

[7] Upon the trial, the government called one Joseph Schonfeld, the nephew of the plaintiff in error. He testified that the plaintiff in error gave him the diamonds for mounting to take to the setter, and that he saw some men in the office. He was then asked if he testified before the special commissioner that he did not know whether anybody was in the office at the time. Objection was made to this, and it is for the allowance of this question that error is now assigned. No attempt was made by the government to show that Joseph Schonfeld had previously testified that he did not see the two men in question. We find no error in this. The witness apparently had given testimony which he was not adhering to, and his testimony on the trial was a surprise to the government. Due to the fact, perhaps, that his uncle was on trial, or possibly that he failed to remember his former testimony, it was proper that the court in its wise discretion permit counsel for the government to interrogate him as to his former testimony, by asking him as to the questions and answers previously asked and given on such examination. No objection was made to this, nor was exception taken. The case is different from that of Rosenthal v. United States, 248 Fed. 684, 160 C. C. A. 584, relied on by the plaintiff in error. There all the previous testimony given by the witness at the trial (and he was the main witness to prove the charge of the indictment) was asked in question and answer form. The government was relying on this witness' testimony to prove its case. It was held that it did not constitute evidence against the plaintiff in error and by this method evidence could not be created. The court held that there was no evidence of the charge of the indictment. The questions which were asked the witness Schonfeld were not held by the court to prove the fact that there were not robbers in plaintiff in error's shop, nor was it relied upon as such proof by the government. In the discretion of the court, it was properly received. Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170.

[8] Nor was it error for the court to allow the jury to view the premises where the alleged robbery occurred, or in failing to accompany the jury while the latter was viewing the premises. This was done upon consent of both counsel and the court. Permitting a jury to view the scene of the crime is within the discretion of the court. People v. Thorn, 156 N. Y. 286, 50 N. E. 947, 42 L. R. A. 368. As stated by the trial judge, the view was permitted for the purpose of enabling the jury to understand the evidence. It did not constitute the taking of testimony. It is the presentation of evidence that requires the presence of a judge, jury, and defendant. Nothing is claimed to have occurred which was improper or prejudicial to the plaintiff in error while the jury was taking a view of the premises.

[9, 10] False swearing in bankruptcy is not equal in enormity to the crime of perjury denounced by the general statute. Kahn v. United States, 214 Fed. 54, 130 C. C. A. 494. The burden of proof required

in perjury cases is not applicable to the perjury under the Bankruptcy Act, for the ancient rule of common law requiring two witnesses to contradict the plaintiff in error's oath has been practically annulled, and the burden now upon the government is to prove beyond a reasonable doubt the guilt of the plaintiff in error of false swearing. Kahn v. United States, supra. Where the probative force of the testimony is equal to that of two witnesses, or to one witness corroborated, it is sufficient. United States v. Wood, 39 U. S. (14 Pet.) 430, 10 L. Ed. 527. The strictness required under the old rule has been relaxed, and convictions have been sustained upon the testimony of a single witness, corroborated by the circumstances proved by independent evidence sufficient to warrant the jury in saying that they believe one rather than the other. Hashagen v. United States, 169 Fed. 396, 94 C. C. A. 618. A conviction of perjury was sustained against a defendant in the state court, where he swore he did not remember certain material facts and the testimony showed that he did remember them. People v. Doody, 172 N. Y. 165, 64 N. E. 807. Disproving plaintiff in error's tale of a robbery as here shown was sufficient. The refusal to grant a new trial after the rendition of the verdict is not reviewable. Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Holt v. United States, 218 U. S. 245, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

[11] Additional assignments of error were filed on April 7, 1921. The writ of error was allowed on February 9, 1921. The filing of assignments of error is a condition to the granting of the writ of error (rule 10, 235 Fed. vi, 148 C. C. A. vi), and errors not assigned according to the rule will be disregarded, unless a plain error is apparent. This rule should be adhered to. The practice is growing too frequent of assigning additional errors after the writ has been allowed.

Judgment affirmed.