### UNITED STATES v. HAMMER.

#### (District Court, S. D. New York. May 19, 1924.)

1. **Indictment and information ⬤►108—Indictment charging crime held sufficient, without designating statutes involved.**

   Indictment which charges crime is sufficient, regardless of whether statutes involved were properly indorsed on margin or referred to therein.

2. **Perjury ⬤►6, 13—Subornation of false swearing in bankruptcy proceeding held crime; "perjury."**

   False swearing in bankruptcy proceeding is "perjury," within Criminal Code, § 125 (Comp. St. § 10295), as Bankruptcy Act § 29b (2), being Comp. St. § 9613, merely changes punishment for perjury in bankruptcy proceeding, and indictment charging subornation of false swearing in bankruptcy proceedings charges crime.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perjury.]

Charles Hammer was convicted of subornation of false swearing in bankruptcy. On defendant's motion to set aside verdict, and for a new trial, and in arrest of judgment. Motion denied.

William Hayward, U. S. Atty., of New York City (Jac. M. Wolff, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Robert H. Elder, of New York City, for defendant.

GARVIN, District Judge. This is a motion by the defendant to set aside a verdict rendered by a jury, for a new trial, and in arrest of judgment. The defendant has been convicted of subornation of false swearing in a bankruptcy proceeding. The government charged that he had procured a witness to testify to an untruth at a hearing before a referee in bankruptcy. The defendant claims that this does not constitute perjury, and that there is no such crime as subornation of false swearing in a bankruptcy proceeding, citing Epstein v. United States, 196 Fed. 354, 116 C. C. A. 174; Epstein v. United States (C. C. A.) 271 Fed. 282; Rosenthal v. United States, 248 Fed. 684, 160 C. C. A. 584; Kahn v. United States, 214 Fed. 54, 130 C. C. A. 494; Ulmer v. United States, 219 Fed. 641, 134 C. C. A. 127.

[1] There has been some discussion as to whether the indictment properly designates the crime therein charged. It is now agreed that under the authority of Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509, an indictment which charges a crime is sufficient, regardless of whether there has been a proper designation of the statute or statutes involved, either indorsed on the margin of the indictment or referred to therein.

[2] The first cited Epstein Case expressly holds that false swearing in bankruptcy proceedings is perjury, but the defendant claims that the case was decided because the court was outraged at the nature of the offense (the defendant being a member of the bar), and that, inasmuch as the opinion shows that it was not carefully considered, it should be disregarded. Perjury is described in the United States Criminal Code, § 125 (Comp. St. § 10295), as follows:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than two thousand dollars and imprisoned not more than five years."

Section 29b (2) of the Bankruptcy Act (Comp. St. § 9613) reads:

"Made a false oath or account in, or in relation to, any proceeding in bankruptcy."

There could be no perjury under the Criminal Code unless the false swearing concerned a material matter. A violation of section 29b (2) of the Bankruptcy Act does not require that the false swearing should be with reference to a material matter. Furthermore, the section last quoted prohibits making a false account, as well as making a false oath. Epstein v. United States (C. C. A.) 271 Fed. 282, did not consider, or at least did not discuss, the point here urged. It was not raised in that case.

It would seem from the Kahn Case, supra, decided in this circuit, that the court intended to hold that the crime of false swearing in a bankruptcy proceeding is not so serious as that of perjury, as defined by section 125 of the Criminal Code. The opinion in that case states:

"It is said, however, that their falsity [of the statements assigned as perjury] was not shown by the clear and convincing proof necessary in perjury cases, which the defendant maintains requires the direct testimony of at least one witness supported by proof of corroborating circumstances. It must be remembered that this prosecution is brought under a special provision of the Bankruptcy Act, making it an offense, punishable by imprisonment for a period not exceeding two years, to make a false oath knowingly and fraudulently in a proceeding in bankruptcy. Of course, broadly stated, this is a perjury statute; but we should not overlook the fact that at the time the present Bankruptcy Act was passed there was on the statute book, and had been for over 100 years, a general perjury statute (now section 125 of the Criminal Code * * *) which provides that a person found guilty under its provisions 'shall be fined not more than $2,000 and imprisoned not more than five years.' If Congress regarded the crime of false swearing in bankruptcy proceedings as equal in enormity to the crime of perjury, what necessity was there for section 29b (2) at all? The fact that the word 'perjury' (sic) does not appear in the later act [Bankruptcy Act], and that the term of imprisonment was reduced from five years to two years and the $2,000 fine omitted altogether, makes it clear that Congress in the Bankruptcy Act was dealing with a crime not in its judgment so aggravated as the crime of perjury."

On the other hand, the court observes, "Of course, broadly stated, this is a perjury statute, * * *" and the opinion nowhere mentions, much less overrules, Wechsler v. United States, 158 Fed. 579, 86 C. C. A. 37, also decided by this circuit. The opinion in the later case, after referring to the two statutes, reads:

"It is manifest that what the bankrupt did, assuming the facts to be as the jury found them, was equally within the provisions of either of these sections. He made a false oath in a proceeding in bankruptcy. Having taken an oath before a competent person in a case in which a law of the United States authorizes an oath to be administered that he would testify truly, he stated material matter which he did not believe to be true. When a person states matter which he does not believe to be true 'willfully and contrary to his oath,' he may certainly be said to make a false oath 'knowingly and fraudulently.' We have then an offense covered by two penal sections; the earlier one imposing the heavier sentence. How shall they be construed? The earlier statute is most comprehensive. It covers oral and written false statements when sworn to before any competent tribunal, officer, or person in any case in which a law of the United States authorizes an oath to be administered. The later statute covers such statements only when made in, or in relation to, any proceeding in bankruptcy. The principle of construction to be applied, unless there are some special considerations which prevent such application, is too well settled to require the citation of authorities. The later special statute operates to restrict the effect of the general act from which it differs. The two sections may be construed together as providing a stated penalty for the crime of false swearing generally, with the proviso that, when such false swearing occurs in a bankruptcy proceeding, the offender, upon conviction, shall be subjected to a different penalty.

"Counsel for the government, however, contends that this rule of construction does not apply, because section 29 of the Bankruptcy Act creates a new statutory offense, not covered by section 5392 of United States Revised Statutes. The proposition advanced is that: 'A false oath made or taken before a commissioner of deeds, a justice of the peace, or a master in chancery would be capable of being used in a bankruptcy proceeding, * * * but would alone be insufficient to constitute the crime of perjury.' The argument is that the making of such a false oath would not be 'within either the common-

law or statutory definition of perjury.' The making of a false affidavit is not perjury at common law when not made in a judicial proceeding or court of justice. The authorities relied upon by defendant in error are almost entirely concerned with perjury at common law. 2 Whart. Crim. Law, §§ 1244, 1267; Bishop on Crim. Law, §§ 1014, 1026, 1027; Hood v. State, 44 Ala. 81; Pegram v. Styron, 1 Bailey (S. C.) 595.

"A single authority only deals with perjury under the statute of the United States. U. S. v. Bailey, 9 Pet. 238, 9 L. Ed. 113. In that case Bailey was indicted for perjury and false swearing under section 3 of the Act of March 1, 1823 (3 Stat. 771, c. 37), and section 13 of the Act of March 3, 1825 (4 Stat. 118, c. 65). The first of these sections provided: 'That if any person shall swear or affirm falsely, touching the expenditure of public money, or in support of any claim against the United States, he or she shall, upon conviction thereof, suffer as for willful and corrupt perjury.' The other section provided: 'That if any person in any case, matter, hearing or other proceeding, where an oath or affirmation shall be required to be taken or administered, under or by any law of the United States, shall, upon the taking of such oath or affirmation, knowingly and willingly swear or affirm falsely, every person so offending shall be deemed guilty of perjury, and shall, on conviction thereof, be punished,' etc.

"Of these acts the court said that they did not create or punish the crime of perjury, technically considered, but created a new and substantive offense of false swearing, and punished it in the same manner as perjury. 'The oath, therefore, need not be administered in a judicial proceeding, * * * so as to make the false swearing perjury.' When this Bailey Case was under consideration, the federal statutory definition of perjury was substantially that of the common law. It was found in section 18 of the Act of April 3, 1790 (1 Stat. 116, c. 9) and read as follows: 'And be it (further) enacted, that if any person shall willfully and corruptly commit perjury, or shall by any means procure any person to commit corrupt and willful perjury, on his or her oath or affirmation in any suit, controversy, matter or cause depending in any of the courts of the United States, or in any deposition taken pursuant to the laws of the United States, every person so offending, and being thereof convicted, shall be imprisoned not exceeding three years and fined not exceeding eight hundred dollars; and shall stand in the pillory for one hour, and be thereafter rendered incapable of giving testimony in any of the courts of the United States, until such time as the judgment so given against the said offender shall be reversed.' It will be seen that section 5392, Rev. St. U. S., contains the provisions both of the act of 1790 and of the act of 1825, and exactly covers false oaths such as the defendant made. The bankruptcy act, therefore, in this particular did not create a new offense, but merely prescribed a different penalty for one already defined.

"It is suggested that we are not to conclude that Congress could have intended to reduce the punishment of persons who made false oaths in bankruptcy proceedings below that prescribed for others who made such oaths elsewhere, since all false oaths are morally wrong. The relative adjustment of punishments is, however, one wholly for the regulation of Congress, and this is not the first instance in which that body has introduced similar discriminations into the statutory penal law. The making of a false oath in applying for a pension would be within the provisions of section 5392, but it is especially provided in section 4746 (U. S. Comp. St. 1901, p. 3279) that for that offense the punishment shall be imprisonment not more than three years or a fine not to exceed $500, or both. So, too, the making of a false affidavit on making an entry of imported merchandise would be perjury under section 5392, but by section 9 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), the maximum penalty for such offense is two years' imprisonment or a fine of $5,000, or both. In like manner section 5395, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3654), provides that where an oath or affidavit is made or taken under or by virtue of any law in relation to the naturalization of aliens, or in any proceeding under such laws, any person taking such oath or affidavit who knowingly swears falsely shall be punished by imprisonment of not more than five years or less than one year, and by a fine of not more than $1,000."

In Rosenthal v. United States, supra, the court held that one charged with false swearing in a bankruptcy proceeding cannot be prosecuted under section 125 of the Criminal Code. To the same effect is Ulmer v. United States, supra. They do not seem to be inconsistent with the government's contention. It does not seem to the court that the point as to insufficiency of evidence to justify the conviction, raised by defendant, requires discussion. The jury has passed upon the facts.

Taking these decisions together, I am of the opinion that a crime was charged by the indictment. If this conclusion is correct, the motions must be denied.