## UNITED STATES v. ISAACSON.
### No. 440.

Circuit Court of Appeals, Second Circuit.
June 13, 1932.

SWAN, Circuit Judge, dissenting.

He said that he did. I asked him how long he had—or when he had first met him. He said he did not remember. I asked him where he had first met him. He said he did not remember. I asked him what Harry Korn's occupation was. He said he did not remember. I asked him whether Harry Korn was married. He said he did not remember. I asked him whether he had any children. He said he did not remember."

At the close of the government's case, the defendant rested and moved for a directed verdict on the ground that the uncorroborated testimony of Korn was insufficient to prove the crime charged. This motion was overruled and an exception taken.

Harold L. Turk, of Brooklyn, N. Y. (Phillip F. Seigenfeld, of Brooklyn, N. Y., of counsel), for defendant-appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

If the testimony of one witness is sufficient in a case of this kind, there was no error in denying the motion for a directed verdict, since Korn's testimony would be evidence on which the jury could find that the affidavit of the defendant and his testimony in the naturalization proceeding must have been false in respect to material matters. There was no corroboration of Korn except in so far as the evidence of what the defendant said to the representative of the Bureau of Naturalization in 1931 can be said to be corroboration. He was being examined when he knew what he said might be used against him, and what he said he did not remember about Korn were things it is thought he would have been expected to have remembered at least four years had he really known Korn as he testified in 1927. What this conviction leads to is the necessity for remembering the truth at least four years if what the government insists is corroboration is that at all. Korn was admittedly in this country during the time the defendant testified he was, and was, so far as now appears, entitled to be naturalized.

The defendant was indicted for violating 8 USCA § 414. The indictment contained four counts. The first count alleged that he made a false affidavit in a naturalization proceeding; the second, that he testified falsely in such proceeding; the third, that by making a false affidavit he unlawfully aided an alien not entitled to naturalization to apply therefor; and, the fourth, that he so aided such alien by making a false affidavit and giving false testimony. He was convicted and sentenced on all four counts.

It is undisputed that the appellant executed an affidavit May 2, 1927, which he knew was to be used, and was in fact used, to support, as the law required, the petition dated the same day for naturalization of an alien named Harry Korn. In this affidavit the appellant swore that he had personally known Korn to have resided in the United States and in the state where such petition was filed continuously from the 1st day of January 1922 to the date of the filing of his petition; also that to his personal knowledge Korn was of good moral character, attached to the principles of the Constitution of the United States, and, in his opinion, fully qualified to be admitted to citizenship. During the proceedings had upon the alien's petition, the appellant appeared and was examined as a witness in behalf of the petitioner. He testified then in substance as he had sworn in his affidavit.

In this trial Korn testified that he never met or heard of the defendant until May 2, 1927, when he was introduced to him by Harry Isaacson, a brother of the defendant, to whom Korn had paid some money, with the words, "This is going to be your witness."

A representative of the Bureau of Naturalization testified that he talked with the defendant on April 17, 1931, in regard to his own naturalization and his appearance as a witness on other petitions. After warning him that anything he said might be used against him, the witness testified as follows:

"I asked this defendant, Mr. Isaacson, if that was his signature to the affidavit forming part of the petition. He said it was. I asked him whether he remembered Harry Korn.

The ancient rule that required the testimony of at least two witnesses to prove the crime of perjury has, indeed, been relaxed. Hashagen v. United States (C. C. A.) 169 F. 396. But what may be called the modern

equivalent of this requirement still obtains. This general rule now requires the oath of one witness to be supported by that of another or by some other independent evidence inconsistent with the innocence of the defendant. United States v. Wood, 14 Pet. 430, 10 L. Ed. 527; Allen v. United States (C. C. A.) 194 F. 664, 39 L. R. A. (N. S.) 385; United States v. Otto (C. C. A.) 54 F.(2d) 277. Otherwise there would be but oath against oath and on the theory, I suppose, that each would give the other the lie direct there would be no sound basis for letting a jury reach the conclusion that the oath against a defendant so overbalanced his own that his guilt was proved beyond a reasonable doubt. At least, this puts the requirement on rational ground as was pointed out in Cohen v. United States (C. C. A.) 27 F.(2d) 713. That case dealt with subornation of perjury, but the principle involved is the same. Hammer v. United States, 271 U. S. 620, 46 S. Ct. 603, 70 L. Ed. 1118.

To be sure, in Kahn v. United States (C. C. A.) 214 F. 54, it was held that false swearing in a bankruptcy proceeding where the defendant was prosecuted under a special statute was to be differentiated from cases generally where perjury was charged and that the same rule as to proof did not apply. In Schonfeld v. United States (C. C. A.) 277 F. 934, the distinction that false swearing in bankruptcy matters was not of the enormity of the crime of perjury under the general statute to which the same strictness of proof would apply was reannounced on the authority of Kahn v. United States, supra, but it was made plain that, while the evidence of two witnesses was no longer required, that of one must be corroborated by independent proof of circumstances which takes the place of the evidence of the second witness and makes the proof sufficient to establish guilt beyond a reasonable doubt.

This, too, is a prosecution under a special statute from which the Kahn Case, as modified, if at all, by the Schonfeld Case, cannot be distinguished in principle. Even so, the correct ruling on the motion for a directed verdict required deciding whether the testimony of Korn which contradicted the oath of the defendant was supported by such independent evidence of the guilt of the accused that the jury could be justified in finding him guilty beyond a reasonable doubt. And that comes right back to the memory of the defendant. There was nothing directly inconsistent with his knowing what he swore to in 1927 and not remembering four years later when and where he first met Korn; what his occupation was and whether he was married and had any children. If he answered the government's investigator falsely when he said he did not remember those things, there would be no corroboration of the testimony of Korn in this trial. If his replies to the questions asked him in 1931 were true, and we should and do so treat them, then all he admitted was that he did not then know what his answers implied that he once knew and had forgotten. It is only by pushing the effect of his answers in 1931 to the point where he is taken to have falsified then in that he said he did not remember things, which in fact he never knew, that Korn has any apparent corroboration. However, that requires taking as proof of what is necessary to support Korn's testimony, not what the defendant did in fact admit, but a contradiction of that admission which involved a direct finding that the defendant never knew what he said he could not remember. Nor do the necessary implications of this verdict stop there. The defendant has been convicted because he swore that he was acquainted with Korn during a period before Korn testified that he first met him. That is a thing so peculiarly within the knowledge of these two men alone that this case serves well to emphasize the value of the requirement for real corroboration of the testimony of one witness to support a verdict in a case of this kind.

Judgment reversed.

SWAN, Circuit Judge (dissenting).

I believe there was sufficient corroboration in the testimony of Hazard that the defendant had admitted that he could not remember when he had met Korn, or the latter's occupation, or whether he was married or had children. If he had known Korn personally for five years, as his affidavit stated, it is highly improbable that he would not have remembered at least some of these details when questioned by Hazard, and the jury very properly, in my opinion, discounted his assertion of forgetfulness and considered it an admission that he had never known these facts. In reversing this conviction, it seems to me the court is taking a backward step from the rule announced in Kahn v. United States (C. C. A.) 214 F. 54, 56, and Schonfeld v. United States (C. C. A.) 277 F. 934, 939.