George TOLBERT, Petitioner-Appellant,

v.

Arnold R. JAGO, Supt.,
Respondent-Appellee.

No. 77–3602.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1978.

Decided Oct. 8, 1979.

George Tolbert pro se, Robert E. Owens, Cincinnati, Ohio (Court-Appointed CJA), for petitioner-appellant.

William J. Brown, Atty. Gen., Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Petitioner Tolbert appeals from a judgment denying him habeas corpus relief after he had been found guilty of murder and sentenced to a term of 15 years to life imprisonment. His contention on this appeal is that the District Court erred in failing to find a federal constitutional violation in the fact that the state trial court at his murder trial allowed the state to call a witness, one Jordan, who had previously given testimony before the Grand Jury, and when Jordan denied any memory pertaining to the murder or the Grand Jury proceeding, allowed the prosecutor to "refresh his memory" by reading him portions of the Grand Jury transcript. The portions of the Grand Jury transcript thus recited constituted very vivid sworn evidence that appellant had shot decedent six times in front of a bar in downtown Cincinnati, and in the presence of witness Jordan. The reading of these portions of the Grand Jury transcript

did not occasion Jordan's "memory" to respond at all at the trial. To every pertinent question he continued to answer that he did not remember. At the conclusion of the prosecutor's direct examination of this witness, defense counsel was offered the opportunity to cross-examine Jordan and responded, "No questions."

While the District Judge who heard the federal habeas corpus petition recognized that this procedure might have violated state rules of evidence, he held that the procedure was permissible under *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940), and further relied upon the opinion for the court in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), wherein Justice White said:

Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

*Id.* at 158, 90 S.Ct. at 1935.

\* \* \* \* \* \*

[Rather], the inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial.

*Id.* at 159, 90 S.Ct. at 1935.

The District Judge also noted that the trial judge had instructed the jury twice concerning the fact that the Grand Jury testimony could be considered by them only as being presented to refresh the memory or recollection of witness Jordan:

Ladies and gentlemen of the jury: The procedure inaugurated by the prosecutor in this particular instance is designed primarily to help this gentleman refresh his recollection as to specific times, places and events. *That and that alone is the purpose of this examination.* This, in and of itself, is not evidence that anybody died or anybody was shot but merely for the purpose of refreshing the recollection of this witness as to certain events, times, places (Tr. 175). (Emphasis added.)

During the course of their deliberations, the jury made the following request:

Can we consider the testimony given by Virgil Jordan, [the eyewitness] which was read by the Prosecutor, as evidence, and if so can it be reread to the jury (Tr. 358)?

In response, the court specifically instructed the jury as follows:

Ladies and gentlemen of the jury: In response to your inquiry, the purported testimony given by Virgil Jordan and which was read by the prosecuting attorney may be used *only for the purpose of refreshing the memory or recollection of Virgil Jordan and may not be considered by you for any other purpose whatsoever* (Tr. 358).

(Emphasis added.)

The record at the state court trial indicates that Jordan had been threatened and, indeed, shot in the head inbetween the murder with which Tolbert was charged and the date of his testimony at the trial. The trial court judge had ample reason to doubt Jordan's lapse of memory and doubtless was motivated, as was the prosecutor, by that fact in the presentation and admission of the Grand Jury evidence.

Our review of this case does not suggest that appellant has established violation of his federal constitutional right to either confrontation or cross-examination. The witness concerned was presented at trial and the opportunity for cross-examination was provided. Appellant's trial counsel at the conclusion of the prosecutor's examination had every reason to avoid cross-examining a witness whose answers could only hurt his client.

On appeal counsel for appellant argued that appellant had been denied due process of law by the fact that prior statements had been used by the prosecution to buttress its proofs of murder. We note, however, that Federal Rule of Evidence 804 seems to authorize the trial court to admit former testimony where the declarant is unavailable because of a "claim of lack of memory."

Applicable to our view of this appeal is the comment upon a similar problem in *United States v. Garner*, 574 F.2d 1141 (4th Cir.), *cert. denied*, 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978):

Since we have canvassed this scene in *West*,[1] we need not repeat it here. It is enough to recite that sworn grand jury testimony may be admitted under Rule 804(b)(5) when there are substantial guarantees of trustworthiness equivalent to those which warrant recognized exceptions to the hearsay rule. The admission of such sworn testimony is not a violation of the Confrontation Clause of the Constitution if it bears sufficient guarantees of reliability and the circumstances contain a sufficient basis upon which the jury may assess its trustworthiness. The distinction is illustrated by the strong indicators of reliability found in *West* and the absence of such indicators in *Gonzalez*. [*United States v. Gonzalez*, 5th Cir., 559 F.2d 1271]. *See also U. S. v. Rogers*, 549 F.2d 490 (8th Cir. 1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977).

Here there are strong indicators of reliability, and the jury had an ample basis upon which to determine the trustworthiness of the testimony.

*Id.* at 1144.

This conviction does not depend solely upon the cross-examination of Jordan, the eyewitness with the incredibly fallible memory. There is, however, no doubt in our minds that the specific and positive statement identifying appellant as the murderer, made by Jordan before the grand jury, could have had an impact upon the trial court jury, in spite of the judge's instructions to ignore them.

Under these circumstances, we note these factors as the underpinning for our affirmance of appellant's conviction.

1) Jordan was called as a witness by the government and was available to the defense for full cross-examination. *See California v. Green, supra.* The defense refused this opportunity.

2) There was strong evidence of threats which could serve to explain Jordan's "loss of memory."

3) The trial jury had an ample basis for determining the trustworthiness of the grand jury testimony. *See United States v. West, supra.*

Under these circumstances and for the additional reasons set forth in the opinion of the District Judge, the judgment of the District Court is affirmed.

ENGEL, Circuit Judge, concurring.

The technique of interrogation in this case[1] is perilously close to that condemned in *Douglas v. Alabama*, 380 U.S. 415, 417–20 & n. 3, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), and in *United States v. Mayes*, 512 F.2d 637, 648–51 (6th Cir.), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975). The facts here, however, persuade me to concur.

In *Douglas* the defense had no opportunity for effective cross-examination because the witness was able successfully to assert a privilege against self-incrimination and thus to avoid the confrontation. Here the witness simply stated he did not remember. It has to be obvious from any objective reading of the record that the witness could, in fact, remember and that, had the defendant so desired, his counsel could have

---

1. *United States v. West*, 574 F.2d 1131 (4th Cir. 1978).

1. The prosecutor repeated before the jury the lengthy interrogation of Jordan which had taken place before the jury. After repeating each question and answer, the prosecutor asked "Were you asked that question, and did you give that answer?". To each such query, Jordan answered, "I don't remember." In this manner it was brought out that Jordan, the only eyewitness, had testified that Tolbert met the decedent, Bernard Jones, in a bar, tapped him on the back and asked him, "Come outside for a minute." Once outside Tolbert turned and shot Jones six times. The grand jury testimony also described Jordan's flight to avoid testifying, and his fear for his life, after he had been "shot at a couple times." Jordan's grand jury testimony read to the jury also disavowed an exculpatory statement he had given Tolbert's attorney.

cross-examined the witness. Nothing in the record suggests that the defendant could not have applied to the court for an order to require the witness to answer or face punishment by contempt. For this reason, in my opinion, Tolbert was not denied any right of confrontation.

Alternatively, it is apparent that the state could have obtained a ruling by the trial judge, based upon the record, that the witness' purported "loss of memory" was a product of coercion by the defendant. In this event, the Confrontation Clause would not have been violated by admitting the witness' prior statements. *Douglas v. Alabama, supra,* 380 U.S. at 420, 85 S.Ct. 1074; *see Motes v. United States,* 178 U.S. 458, 471, 20 S.Ct. 993, 44 L.Ed. 1150 (1900); *Mayes, supra,* 512 F.2d at 648–51; *United States v. Carlson,* 547 F.2d 1346, 1357–60 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

Clearly defendant's counsel concluded that it would be better to accept the objectionable procedure with instructions of the court concerning its limited application rather than to avail himself of his full right of confrontation, a right which if exercised might well have exposed the jury to the witness' direct testimony concerning the killing and the defendant's threats on the witness' life. Worse yet, the testimony so given would then have been received as substantive evidence without any limiting instructions. Notwithstanding that, I find the technique employed very disturbing.

I write separately to emphasize my belief that, as a general proposition, grand jury testimony cannot be employed against a defendant without violating his right of confrontation, unless there has been meaningful opportunity to cross-examine. Federal Rule 15 guarantees that constitutional right in federal courts by authorizing the use of deposition testimony only in cases where a full opportunity for cross-examination has been accorded. Fed.R.Crim.P. 15(d). A prior opportunity to cross-examine is also required under Fed.R.Evid. 804 as a predicate to the admission of former testimony. Rule 804(b)(1). Likewise in *Califor-*

*nia v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the defendant had an earlier opportunity to confront the witness therein at the preliminary hearing. 399 U.S. at 165, 90 S.Ct. 1930. *Compare Pointer v. Texas,* 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Such an opportunity is not accorded in grand jury proceedings. I am not prepared to suggest that merely because it was given under oath, in a relatively solemn setting, testimony before a grand jury automatically provides its own "guarantee of trustworthiness" sufficient to by-pass the constitutional right to confrontation. *See United States v. West,* 574 F.2d 1131 (4th Cir. 1978) (divided panel); *United States v. Gonzalez,* 559 F.2d 1271 (5th Cir. 1977) (testimony not admissible); *United States v. Carlson,* 547 F.2d 1346 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977) (explicit finding by the district court that the grand jury witness' unwillingness to testify at trial was a product of defendant's coercion). The legislative history of the residual hearsay exceptions of 804(b)(5) and 803(24) indicates that they were intended to apply in "exceptional" cases. *See* S.Rep.No.93–1277, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News at 7051, 7065–66. I acknowledge, of course, that we are in this habeas corpus case involved only with constitutional principles. Nevertheless the federal rules are instructive as indicating the framers' concept of their constitutional bounds.

In his treatise, Judge Weinstein addresses both the federal law of evidence and the constitutional right of confrontation at issue here:

W testifies, "I don't remember ever saying that before the grand jury and I don't remember anything about what happened." This is the situation in which it is most likely that the statement will have to be excluded unless it comes within Rules 804(a)(2) and (b)(1) or some other exception. Unless W says something more, gives some details about the event in question, there will be nothing to which cross-examination can be directed.

When a witness denies making the statement he may at times offer reasons to substantiate his claim—as for instance, that he was out of town the day the statement was allegedly made. When the witness denies recollection, all such opportunities for refuting the making of the statement disappear. Neither the making of the statement nor the truth of the statement can be adequately tested if W denies all memory. In this situation the prior statement if admitted would truly become the present testimony of the witness, because there is no other testimony of the witness relating to the event on record. The statement would become the present testimony even though it had never been subject to cross-examination. Such a result is contrary to the scheme of the federal rules even as adopted by the Supreme Court and would probably violate the constitutional right of confrontation as well.

4 Weinstein's Evidence ¶ 801(d)(1)(A)[07] (1977). *See id.,* n. 1 (Cum.Supp.1977), *citing United States v. Shoupe,* 548 F.2d 636, 639–44 (6th Cir. 1977). *See also United States v. Williams,* 571 F.2d 344, 348–50 (6th Cir. 1978).

Finally, where the government employs the technique of interrogation used here, there is little, if any, practical difference between introducing prior testimony for substantive purposes and permitting it to come to the jury's attention under the guise of "refreshing" the witness' recollection. *See California v. Green, supra,* 399 U.S. at 164, 90 S.Ct. 1930; *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Rosenthal v. United States,* 248 F. 684, 686 (8th Cir. 1918). I find completely unconvincing any suggestion that, somehow, the jury could "unring the bell" and follow the trial court's limiting instruction under the circumstances shown here. I would, therefore, avoid any suggestion that any impropriety here was cured or even ameliorated by the cautionary statements.

In summary, I would emphasize that the use of grand jury testimony, as here, is a perilous practice, but that it does not violate the Due Process or the Confrontation Clauses where it appears that the witness' recalcitrance at trial was procured through threats, or where no effort was made by the defense to compel the witness to testify. I also would not suggest that the precautionary instructions given here were curative of any error in admitting the grand jury testimony.