## WATTENMAKER v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
September 18, 1929.

No. 4065.

B. I. De Young and N. S. Winnet, both of Philadelphia, Pa., for appellant.

George W. Coles, U. S. Atty., and Elmer C. Pfeiffer, Asst. U. S. Atty., both of Philadelphia, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

RELLSTAB, District Judge. In June, 1928, Nathan Wattenmaker was found guilty on the first count of an indictment, which charged him with having sworn falsely before a referee in bankruptcy with regard to the employment of certain persons on the books of the Triangle Shoe Market, a bankrupt corporation.

A reversal is sought upon the following grounds: (1) That the alleged false swearing was as to an immaterial fact; (2) that the record before the referee, on the testimony of the stenographer who took the stenographic notes of Wattenmaker's testimony, was admitted without the production of the original notes or a certified copy thereof; (3) denial of a motion for withdrawal of a juror on an alleged improper remark of the United States attorney in opening the case to the jury; and (4) in admitting as evidence the books of the bankrupt after the charge of keeping false books had been withdrawn from the jury's consideration.

Wattenmaker was the secretary and treasurer of the bankrupt. At a hearing before the referee to whom this bankruptcy proceeding had been referred, Wattenmaker testified under oath. The indictment contains four counts. The first count contained charges that the defendant falsely testified in several particulars; some of these were withdrawn at the close of the government's case. Those not withdrawn were that the defendant testified that he did not know, and had never heard, of an accountant by the name of Edgar O. Dreas; that he never saw him at the bankrupt's place of business; that Dreas did not work upon the books of the bankrupt; that it never had any accountant to work upon its books; and that Pearl Abramson never did any work upon them.

The remaining counts in the indictment, in brief, charged: (The second) False swearing with regard to an inventory; (the third) suborning an employee to swear falsely; and

(the fourth) with having fraudulently, and in contemplation of bankruptcy, concealed, destroyed, mutilated, or falsified the bankrupt's books, documents, and records affecting its property.

Counts 2 and 4 were withdrawn from the jury; the former at the close of the government's case, and the latter when the trial of the indictment was moved. The jury acquitted on the third count, and convicted on the first count in the particulars mentioned.

*First, as to the Admission of Illegal Evidence.*—This involves the acceptance (a) of the stenographer's transcript of the defendant's testimony before the referee, and (b) the books of the bankrupt.

(*a*) *As to the Transcript.*—The record shows that the defendant testified in January and March of 1927; that his testimony was taken down stenographically by a public stenographer called in by the referee for that purpose; that the stenographic notes were taken down accurately and correctly transcribed by the stenographer, who immediately delivered the original and two copies of the transcript to the referee, and that she "had no complaint on any of them from either side"; that the stenographic notes, subsequently and before the trial of the indictment, were destroyed by the stenographer, for the reason, as given by her, that she had only desk room—a single desk—in the office she occupied, and that on account of the accumulation of notebooks she did not keep them, unless specially requested to do so, and as no request was made to retain these notes, they, with others, were destroyed in August of 1927.

When the transcript of the testimony of the defendant was offered and about to be read, his counsel challenged its accuracy and asserted that the transcription of the original notes was "the crux of this case," and that the defendant was entitled to the original notes for comparison, and objected to its being received in evidence for that reason, and, further, because the transcript was not made by an official stenographer, and that it was not shown that the stenographer who took the notes and made the transcript was sworn. In a proceeding in bankruptcy the right to take the testimony of witnesses in shorthand, and to transcribe it into longhand or typewritten form, is not limited to official stenographers or typists, nor is it necessary that the person so acting shall be first sworn to correctly perform those duties. The admissibility of the stenographic notes or the transcription thereof, as evidence in subse-

quent proceedings, depends upon the oath to be taken in the latter and not in the former proceeding.

In the instant case the accuracy of such notes and the correctness of the transcript were sworn to by the stenographer who made them. In such circumstances the transcript seemingly was admissible under the past recollection recorded rule. Brzezinski **v.** United States (C. C. A. 2) 198 F. 65.

However, the present record, as presently noted, does not call for a determination of this particular assignment of error, but in passing we desire to emphasize the need of preserving stenographic notes of testimony until all controversies arising out of a case in which they are taken shall be concluded.

After the transcript, purporting to record the testimony given by the defendant before the referee, was admitted over the objection of defendant's counsel, the latter said: "I move to strike out all except the answers as contained in the indictment. We are here to defend those. That was my original objection to the reading of the whole minutes. I am perfectly willing to have the questions and answers appearing in the indictment go to the jury, but my friend has read the entire testimony."

Later, when testifying on his own behalf, the defendant, after having had his attention called to the meeting before the referee, was asked by his counsel:

"You testified, among other things, that you did not know an accountant named Dreas—Edgar O. Dreas. What was your full testimony as to that, Mr. Wattenmaker?"

"You also testified that you never saw Edgar O. Dreas at the place of business of the Triangle Shoe Market, Inc. You testified to that at the same time?"

"You also said that the Triangle Shoe Market, Incorporated, never had an accountant to work upon its books. What did you mean by that?"

Answers to these questions were given, and both are a part of the record. By counsel's expressed willingness to have the questions and answers set out in the indictment go to the jury, and his subsequent embodying the substance of three of the alleged false statements of the defendant set out in count 1 in his questions to the defendant, he waived the exception now considered, and it cannot now avail him.

(*b*) *As to the Admission of the Bankrupt's Books.*—The only objection to the reception of these books, appearing in the record, is based on the withdrawal of the

count charging their falsification. Three of the specifications of count 1 charging false swearing, and all the specifications of count 3 charging subornation of perjury, were related to the bankrupt's books, and they were clearly relevant on these issues.

We find no merit in this assignment of error and it is overruled.

■■ *Second, as to the Materiality of the Defendant's Testimony Alleged to be False.*— Defendant's contention is that all the defendant's testimony recited in count 1 and submitted to the jury was immaterial. His main reliance is that as the charge of falsifying the bankrupt's books (count four) had been withdrawn, such testimony was irrelevant and lacked materiality. This testimony was given before the referee at the first meeting of the bankrupt's creditors—adjourned several times. Its materiality is to be determined as of the time the testimony was given and by the matters then made the subject of inquiry.

At this meeting the defendant was being examined as to the conduct of the bankrupt's business—an examination specifically authorized by the Bankruptcy Act. See section 7a (1)(9), 11 USCA § 25(1)(9). The number and character of the books kept, whether true or false, and by whom kept, were matters relevant to that inquiry. Epstein v. United States (C. C. A. 2) 271 F. 282. The testimony of the defendant then given was directed to that inquiry, and it was therefore both relevant and material, and it did not lose these qualities, merely because subsequently, upon the trial of an indictment charging him with having sworn falsely on that occasion, another charge, contained in that indictment, that he had also falsified the bankrupt's books, was abandoned.

This assignment of error is also without merit and is likewise overruled.

■ The third and remaining ground relates to alleged prejudicial remarks made by the United States attorney in his opening to the jury. What these remarks were does not appear of record. All that there appears bearing on this alleged assignment of error is:

"By the United States Attorney (In opening the Government's case): I might say, at this time, that the fourth count in this indictment is withdrawn. (Counsel for the Government thereupon proceeded to address the jury, opening the case.)

"Defendant's Counsel: I object to the reference to count four of the indictment, it having been withdrawn, and I ask for the withdrawal of a juror.

"The Court: Motion denied. (Exception noted for defendant by direction of the court.)

"The Court: While I refuse to withdraw a juror, the jury is instructed to pay no attention to what is said about the fourth count in this indictment."

There is no support for this assignment of error, and it is also overruled.

We find no error in the record, and the judgment of the trial court is affirmed.