In the Matter of Sidney Mendel ZAIDINS, Bankrupt.

No. 55–B–570.

United States District Court
E. D. Wisconsin.

April 14, 1960.

Charles Geisenfeld, Milwaukee, Wis., for bankrupt.

Margadette M. Demet, Milwaukee, Wis., for trustee.

GRUBB, District Judge.

This is a petition for review of an order of the Referee in Bankruptcy denying a discharge to the petitioner, Sidney Mendel Zaidins.

Petitioner filed a voluntary petition in bankruptcy on June 29, 1955. At the adjourned First Meeting of Creditors held on August 9, 1955, petitioner invoked the Fifth Amendment in refusing to answer questions concerning the representations he made to certain creditors as to the intended use of money he obtained from them. The Referee did not compel the petitioner to answer but found the questions material and approved them.

On September 16, 1956, the Trustee in the bankruptcy proceeding filed Specifications of Objections to Discharge, including one relating to petitioner's failure to answer questions which reads as follows:

"2. In the course of the First Meeting of Creditors and successive adjourned first meetings of creditors the bankrupt pleaded the Fifth Amendment to, and thereby refused to answer considerable material questions approved by the Court."

The Trustee did not appear at a pretrial conference on December 5, 1957, or at the hearing on the Objections to Discharge on December 27, 1957, although due notice was given for both events. At the hearing on the Objections, the Referee granted petitioner's motion for dismissal of the Objections with leave, however, to the Trustee to amend.

On July 31, 1958, the Trustee filed Specifications of Amended Objections. In respect to the allegations of Objection No. 2 relating to petitioner's refusal to answer questions, the Trustee furnished additional details such as the names of the persons in regard to whom the questions were asked and the year with which the questions were concerned.

Petitioner's motion to dismiss the Specifications of Amended Objections filed on September 11, 1958, was denied by the Referee on November 4, 1958. On the hearing held on December 12, 1958, the Referee dismissed all Objections except that based on the failure to answer questions. On June 3, 1959, the Referee filed an Opinion and Order denying petitioner's discharge in bankruptcy on the ground of petitioner's failure to answer material questions approved by the bankruptcy court within the meaning of Section 14, sub. c(6) of the Bankruptcy Act.

Section 14, sub. c(6) of the Act, Title 11 U.S.C.A. § 32, sub. c(6), insofar as pertinent, provides as follows:

"§ 32. Discharges, when granted
* * * * * * *
"(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (6) in the course of a proceeding under this title refused to obey any lawful order of, or to answer any material question approved by, the court;
* * *."

It is the position of the petitioner that the Specifications of Objections originally filed by the Trustee were not amendable; that the Trustee was guilty of laches in filing the Amended Objections seven months after dismissal of the original Objections; that the questions which petitioner refused to answer were not approved by the Referee as to substance as well as form; and that these questions were not material to the proceeding.

The Specification of Objection in issue filed by the Trustee in September, 1956, goes beyond a mere recital of the words of the statute. The amend-

ment thereto furnishes particulars of the earlier general statement of fact and does not introduce new material. The question whether amendments to objections to discharge should be permitted rests in the sound discretion of the bankruptcy court. Burchett v. Myers, 9 Cir., 1953, 202 F.2d 920. Where the amendment does not present a new ground of objection but cures a prior defective statement and causes no surprise to the bankrupt, it may be allowed. See In re Taub, 2 Cir., 1938, 98 F.2d 81.

Petitioner has offered no proof of prejudice resulting to him from the seven month delay in filing the Amended Objections. It may also be noted that petitioner did not object to the original Specifications which had been filed in September, 1956, until December, 1957. He has failed to support the allegation as to the Trustee's laches with the necessary showing of injury. See In re Stilwell, 2 Cir., 1941, 120 F.2d 194.

No more formal approval of questions is required from the Referee than the overruling of Objections if any are made and the allowance of the question. In re Weinreb, 2 Cir., 1907, 153 F. 363.

Petitioner contends that the questions asked were not material in that they did not relate to a disposition of assets, the discovery of assets for the benefit of the estate, or the fraudulent transfer of assets by him.

The scope of inquiry into the affairs of a bankrupt is defined in Section 7, sub. a(10) of the Bankruptcy Act, Title 11 U.S.C.A. § 25, sub. a(10). Under this section a bankrupt is under a statutory duty to

"* * * submit to an examination concerning the conducting of his business, the cause of his bankruptcy, *his dealings with his creditors and other persons*, the amount, kind, and whereabouts of his property, and, in addition, *all matters which may affect the administration and settlement of his estate* or the granting of his discharge; * * *." (Emphasis added.)

An examination of the record in the bankruptcy proceeding reveals that petitioner was asked what representations he had made to certain persons as to the use of money he obtained from them. These persons were listed as unsecured creditors by petitioner. As far as can be determined, all but two of these persons had filed substantial claims in the proceeding at the time petitioner was questioned in regard to the transactions.* The two persons who had not filed claims, Sigmund Krupske and Joe Kopizewski, were listed by petitioner as having unliquidated claims based on notes in a total amount of $13,000.

The questions asked of the petitioner were within the statutory scope of inquiry since they concerned themselves with petitioner's dealings with his creditors and related to matters affecting the administration and settlement of the estate. The information which petitioner refused to divulge as to the history of loans obtained by him and debts incurred shortly before he filed his voluntary petition in bankruptcy has a reasonable relationship to the rights of all creditors asserting claims in the bankruptcy and is material to the administration of the estate. See In re Marcus, D.C.S.D.N.Y.1957, 149 F.Supp. 496, affirmed 2 Cir., 253 F.2d 685. Materiality is to be determined as of the time of the inquiry and by the matters then made the subject thereof. Wattenmaker v. United States, 3 Cir. 1929, 34 F.2d 741. This record supports the ruling of the Referee that the questions were material to a matter properly before the bankruptcy court at the adjourned meeting of creditors.

In order to be entitled to a discharge, a bankrupt must make honest and faithful efforts to comply with all statutory requirements. In re Perel,

---

* There are a number of discrepancies in the spelling of names between the transcripts of the proceedings and petitioner's schedules and creditors' claims.

**546**

D.C.S.D.Tex.1931, 51 F.2d 506. A bankrupt's refusal to answer material questions approved by the Referee on the ground that the answer may tend to incriminate him is ground for denial of discharge under the Bankruptcy Act. Kaufman v. Hurwitz, 4 Cir., 1949, 176 F.2d 210.

The order of the Referee denying petitioner's discharge is hereby affirmed.