In the Matter of Sidney Mendel ZAIDINS, a bankrupt.

Sidney Mendel ZAIDINS, a bankrupt, Appellant,

v.

Francis J. DEMET, Trustee in bankruptcy, Appellee.

No. 13077.

United States Court of Appeals Seventh Circuit.

Feb. 23, 1961.

Rehearing Denied April 7, 1961.

Charles Geisenfeld, Milwaukee, Wis., Robert J. Weiss, Chicago, Ill., James

Geisenfeld, Milwaukee, Wis., for appellant.

Francis J. Demet, Margadette Moffatt Demet, Milwaukee, Wis., for appellee; Demet & Demet, Milwaukee, Wis., of counsel.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

From the district court's affirmance of an order of a referee in bankruptcy denying his petition for a discharge in bankruptcy, Sidney Mendel Zaidins, a voluntary bankrupt, has appealed. The denial was based upon petitioner's refusal to answer certain questions at an adjourned first meeting of creditors, which questions were found to be material. He based his refusal on the ground that an answer might tend to incriminate him, and relied upon the Fifth Amendment to the Constitution of the United States. His constitutional right to so refuse was recognized but his right to a discharge was denied.

The district court made and published (In re Zaidins, 182 F.Supp. 543) its decision which we have carefully reviewed. We believe that the opinion is correct and we therefore adopt it as a part hereof.

While we approve of the opinion in its entirety, for our present purpose we restate the gist thereof which in effect holds that questions asked a bankrupt at first meeting of creditors, concerning representations he made to certain listed creditors as to intended use of money he obtained from them, sought information material to administration of the estate, in that information which bankrupt refused to divulge as to history of loans obtained by him and debts incurred shortly before he filed his petition in bankruptcy had a reasonable relationship to the rights of all creditors asserting claims in the bankruptcy, and his refusal to answer such questions which were approved by the referee, on the ground that the answers thereto might have tended to incriminate him, was ground for denial of discharge.

We feel that we are justified merely in adding the following paraphrase of Justice Oliver Wendell Holmes' famous comment:[1] "Zaidins had a constitutional right to refuse to answer the questions propounded at the first meeting of creditors, but he had no constitutional right to a discharge in bankruptcy".

We affirm the order of the district court from which this appeal was taken.

Order affirmed.

---

1. McAuliffe v. Mayor, etc., of City of New Bedford, 155 Mass. 216, 29 N.E. 517.