EL PUEBLO DE PUERTO RICO, apelado, *v.* HENRY RÍOS NOGUERAS, acusado y apelante.

*Número:* CR-82-16     *Resuelto:* 2 de mayo de 1983

*Rafael Santiago* y *Margarita Carrillo*, de la Sociedad para Asistencia Legal, abogados del apelante; *Miguel Pagán, Procurador General Interino*, y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante Henry Ríos Nogueras fue acusado de participar en los actos que dieron fin a la vida de Miguel Fernández. Fue acusado, además, de dos violaciones a la Ley de Armas. Convicto en los tres casos, fue condenado a prisión perpetua en el caso de asesinato y en los otros delitos fue condenado a cumplir de 10 a 15 años de presidio, condenas concurrentes entre sí, pero consecutivas con la pena impuesta en el caso de asesinato.

En la perpetración del crimen participaron otras dos personas: Luis Otero Alejandro y Francisco Lassen Sánchez. En *Pueblo* v. *Otero Alejandro*, 110 D.P.R. 34 (1980), y *Pueblo* v. *Ríos Nogueras*, 111 D.P.R. 647 (1981), se expresan los hechos en detalle. En los casos seguidos contra Otero Alejandro declaró Lassen Sánchez como testigo de cargo. Se le había otorgado inmunidad a cambio de su testimonio. El acusado fue convicto.

El día antes de la vista señalada para ver el caso contra Henry Ríos Nogueras, Lassen Sánchez, el testigo principal, fue muerto en la cárcel de Bayamón. El Ministerio Público, al enfrentarse con esta situación, presentó el testimonio del fiscal que intervino en la vista preliminar donde había declarado Lassen Sánchez, el testigo que no estaba disponible por haber sido asesinado. Tenía el propósito de relatar lo

que en la vista había declarado Lassen Sánchez. En instancia se dictó resolución en que se denegó la admisibilidad de la declaración del fiscal. El Ministerio Público recurrió para revisar y en *Ríos Nogueras*, supra, revocamos. Sostuvimos que: "Cuando el método usado por razón de necesidad para introducir en el juicio el testimonio anterior vertido en la vista preliminar es el de reproducción oral, la declaración de un testigo presente que lo escuchó, es suficiente si de modo substancial reproduce los hechos esenciales en la declaración del testigo ausente del juicio." Pág. 654.

Celebrado el juicio, Ríos Nogueras fue convicto de los tres delitos imputados. En el juicio el fiscal no sólo presentó la declaración del fiscal que sancionamos en el anterior *Ríos Nogueras*, sino que presentó además la declaración jurada prestada por Lassen Sánchez en la investigación llevada a cabo por la fiscalía y en la cual el apelante no tuvo oportunidad de contrainterrogarlo.

Para sostener su recurso apunta sendos errores.

En primer lugar, sostiene que el tribunal de instancia lo sentenció erróneamente bajo el Art. 5 de la Ley de Armas por posesión de un rifle, cuando a la fecha de los hechos dicha arma no estaba incluida en el texto del estatuto. Tiene razón.

Los hechos del presente caso ocurrieron el 22 de julio de 1978. Para esa fecha, el texto del mencionado estatuto rezaba:

> Toda persona que posea o use sin autorización de ley una *ametralladora, carabina,* o *escopeta de cañón cortado* así como cualquier modificación de éstas, será culpable de delito grave. (Énfasis nuestro.)

El texto transcrito nada disponía sobre la posesión de un *rifle*. No fue sino hasta el 1980 que dicho artículo fue enmendado para incluir esta arma entre las proscritas.[1]

---

[1] Al presente, el texto del Art. 5 es el siguiente:

"Toda persona que posea o use sin autorización de ley una ametralladora,

El Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031, (²) que consagra en nuestra jurisdicción el principio de legalidad, prohíbe el que una persona pueda ser castigada por un hecho que no esté expresamente definido por la ley como un delito. Véase, *Meléndez* v. *Tribunal Superior*, 90 D.P.R. 656, 659 (1964). Por lo tanto, como el rifle no es una de las armas cuya posesión prohibía el Art. 5 a la fecha de los hechos, no podía ser el apelante válidamente condenado por una violación a este artículo. Se cometió el error señalado.

Como segundo error, alega el apelante que el tribunal de instancia permitió la reapertura del turno de ofrecimiento de prueba del Ministerio Público en tres ocasiones. No tiene razón.

▪ Normalmente el juez de instancia goza de una amplia discreción para alterar el orden de la presentación de la prueba y para permitir el reexamen de testigos que ya han declarado. Regla 43(C) de Evidencia, 32 L.P.R.A. Ap. IV. Regla 128 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En *Pueblo* v. *Castillo Torres*, 107 D.P.R. 551, 553–554 (1978), expresamos:

> Un cambio en el orden de la prueba, excepto cuando prive en forma claramente perjudicial de un derecho legal o constitucional específico al acusado, no es razón para revocar. Aun cuando se trate de hechos no relacionados, que normalmente deben traerse en la etapa de refutación, los tribunales tienen facultad discrecional para alterar el orden de la prueba, si no se cae en el vicio antes señalado. Estamos más interesados en los méritos de los casos que en las meras artes de la esgrima forense. Buscamos justicia y no brocárdicos.

carabina, *rifle* o escopeta de cañón cortado así como cualquier modificación de éstas, o cualquiera otra arma de fuego que pueda ser disparada automáticamente y que pueda causar gran daño corporal, será culpable de delito grave." (Énfasis nuestro.)

(²) Dispone el Art. 8 del Código Penal:

"No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido por la ley como delito, ni se impondrán penas o medidas de seguridad que la ley no hubiere previamente establecido.

"No se podrán crear por analogía delitos, penas, ni medidas de seguridad."

Véase también, 2 *Wharton's Criminal Evidence* Sec. 453 (1972).

■ En ocasiones anteriores hemos sostenido la discreción del tribunal de instancia al permitir que se llame nuevamente a un testigo luego de haber sido interrogado por ambas partes. *Pueblo* v. *Rodríguez*, 62 D.P.R. 894 (1944); *Pueblo* v. *Lorenzano*, 52 D.P.R. 888 (1938); y *Pueblo* v. *Gómez*, 45 D.P.R. 812 (1933). En el presente caso hemos examinado los incidentes señalados por el acusado.[3] La evidencia presentada en cada ocasión no fue de tal naturaleza que alterara decisivamente el balance de la controversia. Su admisión no fue perjudicial. Véase la Regla 4 de Evidencia, 32 L.P.R.A. Ap. IV, y *Pueblo* v. *Mangual Hernández*, 111 D.P.R. 136, 145 (1981).

Como último error señala el apelante que incidió el tribunal de instancia al permitirle al fiscal Rodríguez Figueroa declarar sobre lo que le refiriera Lassen Sánchez en el curso de la investigación del caso. Si bien en *Ríos Nogueras*, supra, pág. 655, sancionamos que el fiscal Rodríguez Figueroa testificara sobre lo relatado por Lassen Sánchez en la *vista preliminar*, nada dispusimos sobre la admisibilidad de lo relatado por este testigo en la declaración jurada que prestó ante este fiscal durante la investigación del caso.

■ Tanto la Constitución de Puerto Rico en su Art. II, Sec. 11, como la Constitución de los Estados Unidos en su

---

[3] Los incidentes señalados fueron los siguientes: (1) al finalizar la presentación de la prueba del Pueblo, y luego de que la defensa presentara una moción de absolución perentoria, el fiscal solicitó reabrir su caso para que el testigo Rodríguez Figueroa, quien había declarado sobre el interrogatorio directo del testigo Lassen Sánchez en la vista preliminar, también declarara sobre el contrainterrogatorio celebrado en dicho proceso; (2) con posterioridad a que declarara el primer testigo de la defensa, el fiscal solicitó reabrir su turno para presentar evidencia sobre la autenticidad de una fotografía de ficheo del acusado; (3) luego de haber presentado la defensa evidencia que impugnaba la credibilidad de Lassen, a base de una acusación presentada en su contra a pesar de su acuerdo con el fiscal de archivarle sus casos, el fiscal solicitó presentar de nuevo a Rodríguez Figueroa para que declarase que esta acusación se había radicado sin su consentimiento. El tribunal de instancia concedió las tres peticiones.

Enmienda Sexta consagran el derecho de todo acusado a carearse con los testigos de cargo. El interés protegido por este derecho es el de evitar que una persona pueda ser viciosamente sometida a los rigores de un proceso criminal mediante deposiciones o declaraciones *ex parte* de testigos ausentes. *Mattox* v. *United States*, 156 U.S. 237, 242 (1895). En palabras del juez Harlan, es "evitar el juicio por afidávit". *Dutton* v. *Evans*, 400 U.S. 74, 94 (1970), opinión concurrente.

■ Históricamente en los Estados Unidos el derecho a carearse con los testigos de cargo ha estado estrechamente asociado al derecho al contrainterrogatorio. *Mattox*, supra, págs. 242-243; *Pointer* v. *Texas*, 380 U.S. 400, 406-407 (1965); *Douglas* v. *Alabama*, 380 U.S. 415, 418 (1965); *Barber* v. *Page*, 390 U.S. 719, 725 (1968); *Roberts* v. *Russell*, 392 U.S. 293, 294 (1968); *Bruton* v. *United States*, 391 U.S. 123, 126 (1968); *Davis* v. *Alaska*, 415 U.S. 308, 315 (1974); *Ohio* v. *Roberts*, 448 U.S. 56, 63 (1980); véase además, 5 *Wigmore, Evidence* Sec. 1395 (Chadbourn rev. 1974). Así también lo hemos reconocido nosotros. *Pueblo* v. *Ruiz Lebrón*, 111 D.P.R. 435, 442 (1981); *Pueblo* v. *Lebrón González*, 113 D.P.R. 81, 97 (1982).

■ Por esta razón hemos admitido, a tenor con la Regla 64(B)(1) de Evidencia, [4] las declaraciones anteriores de testigos ausentes el día del juicio, cuando se le ha brindado al acusado la oportunidad de contrainterrogarlos. *Lebrón González*, supra, págs. 96-97; *Ruiz Lebrón*, supra, pág. 439. Véanse también, *California* v. *Green*, 399 U.S. 149 (1970), y

---

[4] Dispone así:

"(B) Cuando el declarante no está disponible como testigo, es admisible como excepción a la regla de prueba de referencia:

"(1) *Testimonio anterior*: Un testimonio dado como testigo en otra vista o una deposición tomada conforme a derecho del mismo u otro procedimiento, si es ofrecido contra una persona que en la ocasión en que se hizo la declaración ofreció la misma para su beneficio o tuvo la oportunidad de contrainterrogar al declarante con un interés y motivo similar al que tiene en la vista."

*Ohio* v. *Roberts*, supra. Por otro lado, este derecho se entiende renunciado cuando es el propio acusado el que provoca la ausencia del testigo en el juicio. *Reynolds* v. *United States*, 98 U.S. 145, 158 (1878); *Steele* v. *Taylor*, 684 F.2d 1193 (6th Cir. 1982); *United States* v. *Thevis*, 665 F.2d 616 (5th Cir. 1982); *United States* v. *Balano*, 618 F.2d 624 (10th Cir. 1979); *cert.* den. 449 U.S. 840 (1980); *United States* v. *Carlson*, 547 F.2d 1346 (8th Cir. 1976); *State* v. *Olson*, 291 N.W.2d 203 (1980); *State* v. *Black*, 291 N.W.2d 208 (1980). Es razonable que así sea. Mal puede reclamar el derecho a contrainterrogar un testigo quien ha sido responsable de que no comparezca al juicio.

■ Lo expuesto no significa que toda declaración en que el acusado no ha tenido oportunidad de contrainterrogar al declarante es por ello automáticamente inadmisible. *Mattox*, supra, pág. 243. La doctrina ha reconocido situaciones excepcionales en que existen suficientes garantías de la veracidad del testimonio. Estas situaciones han sido codificadas en gran medida por las reglas de evidencia dentro de las excepciones a la prueba de referencia. La historia del desarrollo de la cláusula de confrontación es la historia del balance entre estos dos extremos. *Cf. Ohio* v. *Roberts*, supra pág. 64. Véanse, F. Read, *The New Confrontation—Hearsay Dilemma*, 45 S. Cal. L. Rev. 1 (1972); I. Younger, *Confrontation and Hearsay: A Look Backward, a Peek Forward*, 1 Hofstra L. Rev. 32 (1973).

En el presente caso se admitió la declaración presentada por Lassen Sánchez ante el fiscal durante el curso de la investigación. Este tipo de declaración, por su naturaleza, carece de las garantías mínimas exigidas por la cláusula de confrontación. Se toma en ausencia del acusado, y frente a la parte que precisamente está encargada de promover el proceso. Su énfasis no recae en la precisión, sino en la revelación de otras pistas que permitan adelantar la investigación. Ante esta realidad, permitir su admisión en un jui-

cio equivaldría a consagrar el mal que la cláusula de confrontación pretendió prevenir.

■ No obstante, en algunas situaciones excepcionales, una declaración anterior prestada durante la etapa investigativa por un testigo no disponible el día del juicio es admisible bajo la Regla 64(B)(5) de Evidencia si existen suficientes garantías circunstanciales de su confiabilidad, aunque no hubiera habido oportunidad de contrainterrogarlo. Véanse, Louisell y Mueller, *Federal Evidence* Sec. 491 (1980); 4 *Weinstein's Evidence* Cap. 804(b)(5)[01] (1981). En *United States* v. *West*, 574 F.2d 1131 (4th Cir. 1978), por ejemplo, se trataba de una declaración prestada ante un Gran Jurado federal por un informante en un caso de drogas, quien había sido posteriormente asesinado. Esta declaración —que de por sí difiere esencialmente de la del caso de autos— estaba ampliamente corroborada por otra evidencia independiente que consistía en fotografías, grabaciones, etc., que confirmaban la veracidad de cada una de las transacciones informadas. En estas circunstancias se decidió que la declaración era admisible. Véanse también, *United States* v. *Blakey*, 607 F.2d 779 (7th Cir. 1979); *United States* v. *Boulahanis*, 677 F.2d 586 (7th Cir. 1982); *Tolbert* v. *Jago*, 607 F.2d 753 (6th Cir. 1979); *State* v. *Beam*, 292 N.W.2d 302 (1980); y la anotación en 50 A.L.R. Fed. 848 (1980).

Ahora bien, en forma alguna esto quiere decir que procede el uso indiscriminado de esta clase de evidencia. *United States* v. *Love*, 592 F.2d 1022 (8th Cir. 1979); y *United States* v. *Cain*, 587 F.2d 678 (5th Cir. 1979). No debe olvidarse que en casos criminales el derecho a la confrontación es garantía insustituible. Por esta razón otros tribunales apelativos han rehusado adoptar el resultado de *West.* Véanse, *United States* v. *Gonzalez*, 559 F.2d 1271 (5th Cir. 1977); y *United States* v. *Fiore*, 443 F.2d 112 (2nd Cir. 1971). Véase además, *Garner* v. *United States*, *cert.* den. 439 U.S. 936 (1978), opinión disidente del juez Stewart. La de-

claración que nos ocupa en el presente caso no cumplía ni remotamente con los criterios señalados.

Habiendo establecido que el contenido de la declaración jurada prestada ante el fiscal por el testigo Lassen Sánchez era inadmisible, debemos ahora determinar si su admisión ocasionó algún perjuicio al acusado. Es forzoso concluir que no fue así. En efecto, el contenido de la declaración jurada de Lassen era idéntico al de su testimonio directo en la vista preliminar, según se puede apreciar de la transcripción de la vista evidenciaria celebrada por el tribunal sentenciador. Este último sí era admisible, a tenor con nuestro dictamen de *Ríos Nogueras*, supra. Así pues, el error del fiscal se reduce en última instancia a haber advertido erróneamente al jurado que el testimonio de Lassen ya había sido prestado de forma idéntica en la investigación preliminar del caso.

■ Ahora bien, la Regla 67 de Evidencia permite que la credibilidad del que presta una declaración que constituya prueba de referencia sea atacada y, de ser así, sea sostenida por cualquier evidencia que fuera admisible para esos fines si el declarante hubiera prestado testimonio como testigo.(5) Por lo tanto, aunque la declaración jurada de Lassen era inadmisible para fines sustantivos, sí era admisible para corroborar la veracidad de su testimonio en la vista preliminar, a tenor con la Regla 44(B)(5).(6) El ape-

---

(5) Esta regla dispone:

"Cuando se admite en evidencia, conforme a este Capítulo, una declaración que sea prueba de referencia, la credibilidad del declarante puede ser atacada, *y si atacada*, puede ser sostenida por cualquier evidencia que sería admisible a esos fines si el declarante hubiera prestado testimonio como testigo. Evidencia de declaraciones o conductà del declarante —en cualquier momento— inconsistente con su declaración admitida a pesar de ser prueba de referencia, no estará sujeta a requisito alguno de confrontación previa, para dar oportunidad al declarante de explicar o negar la declaración o conducta inconsistente. Si la parte contra la cual se ha admitido prueba de referencia llama al declarante de ésta como testigo, éste queda sujeto a ser examinado por dicha parte como si estuviera bajo contrainterrogatorio." (Énfasis nuestro.)

(6) "(B) *Medios de impugnación.* La credibilidad de un testigo podrá ser impugnada o sostenida mediante cualquier evidencia pertinente al asunto de su

lante así lo acepta, pero señala que la presentación de esta evidencia es impropia si antes no se ha impugnado al testigo. Tiene razón. Louisell y Mueller, *op. cit.*, T. 4, Sec. 501, pág. 1254; Wharton, *op. cit.*, T. 2, Sec. 500; Wigmore, *op. cit.*, T. 4, Sec. 1124 (1972); *McCormick on Evidence*, Sec. 49 (1972); Annot., *Admissibility, for Purpose of Supporting Impeached Witness, of Prior Statements by Him Consistent with His Testimony*, 75 A.L.R.2d 909 (1961), y casos allí citados; *cf. Pueblo v. Padilla Arroyo*, 104 D.P.R. 103 (1975). Sin embargo, en el presente caso esto no es determinante. Lo cierto es que la credibilidad del testigo Lassen Sánchez fue posteriormente impugnada, a base de su transacción con el fiscal Rodríguez. En estas circunstancias su declaración anterior era pertinente para demostrar que no había variado su testimonio. La impugnación convalidaba el uso de la evidencia corroborativa. El mero hecho de que fuera hecha a destiempo no es suficiente para revocar la decisión. *Castillo Torres*, supra. *Cf. United States v. Lopez*, 584 F.2d 1175 (2nd Cir. 1978); *United States v. Simmons*, 567 F.2d 314 (7th Cir. 1977); *State v. Herrera*, 386 P.2d 448 (1963); Louisell y Mueller, *op. cit.*, T. 4, Sec. 420, pág. 199; Annot., *Effect of Rule 801(d)(1)(B) of the Federal Rules of Evidence upon the Admissibility of a Witness' Prior Consistent Statement*, 47 A.L.R. Fed. 639 (1980), Sec. 7, y casos allí citados.

Por los fundamentos consignados, *se revocará la sentencia dictada en el caso por infracción al Art. 5 de la Ley de Armas. Se confirmarán las demás sentencias.*

Los Jueces Asociados Señores Díaz Cruz y Rebollo López concurren en el resultado sin opinión.

---

credibilidad, es decir, a la veracidad o mendacidad, incluyendo los siguientes aspectos:

. . . . . . . .

(5) Manifestaciones anteriores del testigo."