López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El peticionario, conductor autorizado para aparcar en estacionamientos para impedidos, recurre de una resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Caguas. Dicho foro declaró sin lugar el recurso de revisión instado por éste de un boleto administrativo expedido por la Policía de Puerto Rico bajo la sección 2-410 de la Ley 141 de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 490. 
Se ordenó al recurrido, Departamento de Transportación y Obras Públicas, que mostrara causa por la cual no debía revocarse la resolución recurrida. El Procurador General de Puerto Rico ha comparecido en representación de dicho Departamento. En su argumentación responsable, reconoce *1273 que el estatuto meramente penaliza el estacionar en un lugar designado para impedidos sin estar autorizado para ello, [y admite que] el hecho de que [el automóvil del peticionario] obstaculizara parte de una rampa para impedidos no lo convierte en infractor de la sección 2-410 de la Ley 141, supra. Estamos de acuerdo con su interpretación. Revocamos.
I
La ley escrita es la única fuente del derecho penal en nuestra sociedad. Pueblo v. Uriel Alvarez, 112 D.P.R. 312 (1982); Pueblo v. Ríos Nogueras, 114 D.P.R. 256 (1983); Nevares Muñiz, D., Derecho Penal Puertorriqueño, Instituto para el Desarrollo del Derecho, Inc., (1983). p. 60; Nevares Muñiz, Código Penal de Puerto Rico Comentado, Ed. 1993, Colegio de Abogados, 1993, p. 15-16. El principio de legalidad que encierra la máxima "Nullum crimen, nulla poena, sine lege praevia" impide la penalización de una conducta que no esté expresamente tipificada como punible por la ley. El Art. 8 del Código Penal, 33 L.P.R.A. see. 331, que consagra en nuestra jurisdicción el principio de legalidad, prohibe el que una persona pueda ser castigada por un hecho que no esté expresamente definido por la ley como un delito. Véase Meléndez v. Tribunal Superior, 90 D.P.R. 656, 659 (1964); Pueblo v. Ríos Nogueras, supra a la pág. 260 (1983). Este principio exige una interpretación estricta o restrictiva de la ley que impide la creación de delitos, penas y medidas de seguridad por analogía. Con este principio en mente examinemos los hechos imputados al recurrente.
II
Josué Díaz Díaz, es un conductor autorizado para aparcar en estacionamientos designados para personas con impedimentos. Contra éste se expidió un boleto por haber aparcado su vehículo en un estacionamiento designado para impedidos en el Hospital HIMA de Caguas, luego de que una dama se querellara ante el Cuartel de la Policía. Durante el proceso celebrado ante el Tribunal de Primera Instancia, la testigo afirmó que cuando se dirigía en su sillón de ruedas hacia su automóvil trató de utilizar la rampa para impedidos, pero le fue imposible, por estar dicha rampa bloqueada por el vehículo de otra persona con impedimentos físicos. En vista de que la rampa estaba bloqueada en parte, el policía decidió expedir el boleto al carro allí estacionado bajo la sección 2-410 (h) de la Ley Núm. 141, supra.
Convencido de no haber cometido falta alguna, el peticionario presentó Recurso de Revisión ante el Tribunal de Primera Instancia el 3 de agosto de 1995, solicitando la cancelación de la multa administrativa. Acreditó ante dicho foro ser un conductor autorizado para aparcar en estacionamientos designados para personas con impedimentos. Presentó en evidencia una foto de su vehículo en el estacionamiento designado para impedidos en el Hospital HIMA de Caguas, donde se demostraba que su automóvil tenía la tablilla para personas con impedimentos. Presentó, además, Certificación de Incapacidad para uso de Tablilla Especial para Personas con Impedimentos otorgada por el Departamento de Servicios Sociales a su favor. Planteó que, tratándose de una persona impedida con certificación que así lo acreditaba y que el vehículo tenía la tablilla especial de personas con impedimentos, debería declararse con lugar la solicitud de revisión impugnando el boleto de tránsito.
A pesar de la prueba presentada el Tribunal declaró sin lugar la solicitud de revisión. Incidió.
III
Es evidente que al momento de expedirse el boleto, el recurrente estaba autorizado para aparcar su vehículo en un lugar destinado para personas con impedimentos. El hecho de que su vehículo obstaculizaba parte de la rampa, no lo convierte en un infractor a la sección 2-410(h) de la Ley de Tránsito. Dicha sección reza como sigue:
"Toda persona que estacione ilegalmente un vehículo de motor en las áreas especialmente marcadas y reservadas para personas con impedimentos incurrirá en falta administrativa". (...) 9 L.P.R.A. see. 490 (Supl. 1995). (énfasis suplido).
Cuando examinamos lo que realmente dispone el inciso citado, nos percatamos que la acción prohibida, "estacionar", es modificada por el complemento "ilegalmente". La ley no expresa qué significa "ilegalmente". Para comprender cuál fue la intención legislativa al intercalar el complemento "ilegalmente" en el texto de la sección, es menester examinar la sección en su conjunto para *1274 percatamos de que toda ella está redactada en términos de quién tiene o no tiene autorización para la utilización del estacionamiento, y no contempla regular la manera en que los vehículos se estacionarán en los mismos. La exposición de motivos de la Ley Núm. 38 del 31 de julio de 1993 nos ilustra al respecto.
"La Ley Núm. 141 de 20 de julio de 1960, según enmendada, provee para la expedición de tablillas especiales, así como lugares de estacionamientos especiales para los vehículos de personas ; físicamente impedidas. Toda persona que estaciona ilegalmente en uno de estos estacionamientos incurre en una falta administrativa. Los agentes de la -Policía tienen la facultad en ley para expedir boletos de faltas administrativas.

"Sin embargo a pesar de este remedio provisto por ley, las personas con impedimentos se encuentran a menudo con que los espacios reservados para estacionar sus vehículos están siendo ocupados ilegalmente. Esta situación es notable en los centros comerciales y estacionamientos de edificios.

"Es por esta razón, que el Gobierno debe ser más severo con aquellas personas que usan los estacionamientos de impedidos, no sólo porque violan la Ley, sino porque privan a estos seres humanos de moverse libremente en un mundo lleno de barreras arquitectónicas. A estos efectos, deben ponerse letreros en los estacionamientos de impedidos donde se indique la penalidad a pagar por estacionarse en los mismos, sin tener derecho a ello y a aumentar la penalidad por estacionarse en los mismos".

Es evidente que la intención legislativa al hablar de estacionar "ilegalmente" se refiere a la falta de autorización para estacionarse en los espacios marcados y no a la forma y manera en que hace utilización del mismo la persona con autorización para ello. El hecho de que el automóvil del peticionario obstaculizara parte de una rampa para impedidos no lo convierte en infractor de la sección 2-410 de la Ley 141 de Vehículos y Tránsito, 9 L.P.R.A. 490 (Supl. 1995).
IV
Por los fundamentos expuestos se expide el auto solicitado y se revoca la resolución del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Caguas.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 323
1. Toda persona que estacione ilegalmente un vehículo de motor en las áreas especialmente marcadas y reservadas para personas con impedimentos incurrirá en falta administrativa. (...) 9 L.P.R.A. see. 490 (Supl. 1995).