Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
|---|---|---|
| Peticionario | KLCE202500471 | Caso Núm.: ISCR202300819 |
| V. | | |
| YAZAIRA GONZÁLEZ RIVERA | | |
| Recurrida | | Sobre: Art. 204 de la Ley núm. 146-2012 |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Comparece ante este tribunal apelativo, el Pueblo de Puerto Rico por conducto de la Oficina del Procurador General de Puerto Rico (el Procurador o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Minuta Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 30 de abril de 2025, notificada ese mismo día. Mediante el referido dictamen, el foro primario denegó una petición del Ministerio Público para declarar *Testigo no Disponible* a la Sra. Yazaira González Rivera (señora González Rivera o recurrida) al amparo de la Regla 806 incisos (A)(1) y (B)(2) de las Reglas de Evidencia, 32 LPRA Ap. VI. R. 806.

El peticionario acompañó el recurso con una *Moción Urgente en Auxilio de Jurisdicción* solicitando la paralización de los procesos en el foro primario, la cual fue concedida mediante la *Resolución* del 1 de mayo de 2025.

Número Identificador

SEN2025 _____

Por los fundamentos que exponemos a continuación, se expide el recurso de *certiorari* y se revoca el dictamen recurrido.

**I.**

Por hechos ocurridos entre marzo y octubre del 2021, la señora González Rivera fue denunciada por violación al Artículo 204 del Código Penal de Puerto Rico 2012 (*Fraude en la Ejecución de Obras de Construcción*). Luego de varios trámites procesales, que no son necesarios pormenorizar, el 13 de octubre de 2023 se llevó a cabo la Vista Preliminar en la que el foro *a quo* encontró causa probable para juicio por el delito imputado. En esta, según surge del expediente, la recurrida prestó testimonio y el TPI le hizo las advertencias de ley.

El 5 de diciembre de 2023, dio comienzo el juicio en contra de la señora González Rivera y se había anunciado que la señora González Rivera presentaría su testimonio según especifica el Procurador, en el recurso, y el TPI lo reconoce en el dictamen recurrido. Así, llegado el penúltimo día de juicio, en la vista del 30 de abril de 2025, el Ministerio Público le llamó para tomar juramento, pero la recurrida, en ese momento, decidió que ejercería su derecho a guardar silencio y a la no autoincriminación. En consecuencia, el Ministerio Público solicitó al TPI que la acusada fuese declarada como *Testigo No Disponible*, a los fines de poder utilizar en el juicio el testimonio anterior vertido en la Vista Preliminar por la recurrida bajo la Regla 806 (B)(1) de las Reglas de Evidencia, *supra*. Oportunamente, la defensa objetó y se opuso a dicha petición.

Surge de la *Minuta Resolución* impugnada que la señora González Rivera adujo que, el Ministerio Público, no había anunciado como testigo a la Secretaria del Tribunal. Pues, a su entender, esta era la única que podía autenticar la regrabación de

la vista preliminar. Añadió que, tampoco se mencionó en la Regla 95 de descubrimiento de prueba, el testimonio de la recurrida.

Escuchadas las partes, el TPI procedió a denegar la solicitud del Ministerio Público para declarar como *Testigo No Disponible* a la recurrida. Razonó que el testimonio de un acusado no puede ser considerado o evaluado como cualquier tipo de testigo. Añadió que, el derecho a no auto incriminarse no era meramente un privilegio del derecho probatorio, sino que era de rango constitucional y no se renunciaba automáticamente por haber declarado en etapa previa. Asimismo, expresó que realizó el análisis sobre esta controversia contrastándole con el proceso de admisión de parte en vista de supresión de evidencia.

Inconforme, el Ministerio Público, a manera de reconsideración, argumentó, en esencia, que el proceso no era comparable con el de una vista de supresión de evidencia. Pues, en aquellos casos, lo que está en controversia es si el estado violó un derecho sustancial del acusado.

Finalizada la vista del 30 de abril de 2025, ese mismo día, el TPI emitió y notificó su determinación por escrito intitulado *Minuta Resolución.*

En desacuerdo con el dictamen, la parte peticionaria acudió ante este tribunal intermedio imputándole al tribunal primario haber incurrido en el siguiente error:

> EL TRIBUNAL DE PRIMERA INSTANCIA ABUSÓ DE SU DISCRECIÓN E INCURRIÓ EN CRASO Y MANIFIESTO ERROR DE DERECHO AL NO DECLARAR A LA SRA. YAZAIRA GONZÁLEZ RIVERA COMO TESTIGO NO DISPONIBLE, CONFORME LA REGLA 806(A)(1) DE EVIDENCIA, 32 LPRA Ap. VI R.806, A PESAR DE QUE ESTA RENUNICÓ, EN LA ETAPA DE VISTA PREMILINAR, A SU DERECHO CONSTITUCIONAL CONTRA LA AUTOINCRIMINACIÓN, AUNQUE POSTERIORMENTE EN EL JUICIO SORPRESIVAMENTE DECIDIÓ GUARDAR SILENCIO.

El 1 de mayo de 2025, emitimos una *Resolución* declarando *Ha Lugar* a la *Urgente Solicitud en Auxilio de Jurisdicción con*

*Continuación del Juicio Mañana a las 9:00 a.m.* En la misma, le concedimos hasta las 12:00 del mediodía del miércoles, 7 de mayo, a la parte recurrida para presentar su posición.

Ese mismo día, la parte recurrida solicitó una prórroga mediante un escrito intitulado *Moción en Solicitud de Extensión al Término para Presentar Oposición a Urgente Petición de Certiorari.* Dicha prórroga le fue concedida. El 12 de mayo de 2025 se cumplió con lo ordenado, por lo que nos damos por cumplidos y, a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

***Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra*, a la pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari,* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia, supra.*

**Autoincriminación**

El Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, consagra el derecho de todo ciudadano a no incriminarse. En lo pertinente, dispone que "[n]adie será obligado a incriminarse mediante su propio testimonio". Este derecho fundamental encuentra su equivalente en la Quinta Enmienda de la Constitución Federal de los Estados Unidos. El derecho a no incriminarse se activa cuando concurren los tres requisitos siguientes: (1) el Estado obliga a alguien, (2) a incriminarse y (3) mediante su propio testimonio. *Pueblo v. Millán Pacheco,* 182 DPR 595, 610 (2011).

La protección concedida, en virtud del derecho a la no **autoincriminación**, tiene el propósito de evitar que se someta a un individuo al cruel "trilema" de tener que escoger entre decir la verdad y acusarse a sí mismo, mentir y ser hallado incurso en perjurio o rehusarse a declarar y ser hallado incurso en desacato. Ello es así, porque busca promover que el Ministerio Público realice sus investigaciones criminales civilizadamente y que el sistema judicial no se contamine con métodos de procurar la verdad que lesionan la dignidad humana. Véase E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. 1, pág. 118.

No obstante, es importante destacar que el derecho a la autoincriminación **no es absoluto**. *Pueblo v. Millán Pacheco*, supra, a la pág. 610. El ciudadano **puede renunciar a este derecho mediante una renuncia voluntaria, consciente e inteligente**. *Íd.* Nuestro Tribunal Supremo ha definido el concepto de voluntariedad de la siguiente manera:

> Al evaluar la voluntariedad de esta renuncia deberán analizarse dos vertientes, a saber: primero, el abandono del derecho debe haber sido voluntario en el sentido de que sea **producto de una elección libre y deliberada**, y segundo, la renuncia **debe hacerse con**

> **pleno conocimiento no solo del derecho abandonado, sino de las consecuencias de la decisión**. Una renuncia será voluntaria "si es realizada sin que haya mediado **intimidación, coacción o violencia** por parte de los funcionarios del Estado en el procedimiento que culmina en la toma de la confesión". [Énfasis nuestro]. *Pueblo v. Millán Pacheco*, supra, a la pág. 611 citando a *Pueblo v. Medina Hernández,* 158 DPR 489, 504 (2003).

Por último, reiteramos que le corresponde al Estado probar, mediante preponderancia de la prueba, que la renuncia del acusado a sus derechos constitucionales a la no autoincriminación fue voluntaria, consciente e inteligente. *Pueblo v. Millán Pacheco*, supra, a la pág. 612. Para ello, deberá desfilar evidencia sobre las advertencias específicas que le realizaron al sospechoso y sobre las condiciones en que fueron realizadas al momento en que este realizó la admisión o confesión. *Íd.* Este ejercicio es obligatorio para el Estado, por lo que su incumplimiento conlleva la supresión de cualquier declaración incriminatoria que interese presentar durante el juicio. *Íd.*

**Testigo no Disponible en Casos Criminales**

Nuestro ordenamiento jurídico pretende evitar que los procesos penales se lleven a cabo mediante deposiciones o declaraciones *ex parte* de testigos ausentes. *Pueblo v. Ríos Nogueras*, 114 DPR 256 (1983). Ello es así, toda vez que se busca proteger el derecho constitucional de toda persona acusada a confrontar la prueba, especialmente, a carearse con los testigos de cargo. De manera que, como regla general, la prueba de referencia es inadmisible por limitar el derecho constitucional a la confrontación. Sin embargo, existen varias excepciones a esta regla, entre ellas, la Regla 806 de las Reglas de Evidencia, 34 LPRA Ap. VI, R. 806. La Regla 806, *supra,* es la excepción más sólida a la regla general de exclusión de prueba de referencia. *Pueblo v. Torres García,* 137 DPR 56, 61-64 (1994). En lo concerniente, la precitada norma dispone lo siguiente:

(A) Definición: No disponible como testigo incluye situaciones en que la persona declarante:

(1) **está exenta de testificar por una determinación del Tribunal por razón de un privilegio reconocido en estas Reglas en relación con el asunto u objeto de su declaración**;

( . . . )

(B) Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:

(1) Testimonio anterior
**Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el testimonio – o un predecesor en interés si se trata de una acción o procedimiento civil – tuvo la oportunidad y motivo similar para desarrollar el testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.**

( . . . )

Esta regla es similar a la anterior Regla 64 (B)(1) de las Reglas de Evidencia de 1979, 32 LPRA Ap. IV, R.64, ya derogadas. Sobre este particular, el Tribunal Supremo tuvo la oportunidad de expresarse y determinó que, uno de los elementos principales para la utilización de esta regla por el Ministerio Público, descansa sobre que se le haya brindado la oportunidad al acusado de confrontar dicho testimonio anterior. *Pueblo v. Torres García, supra*, a la pág. 61. Ello, dentro de un procedimiento formal con motivo similar, como lo sería, precisamente, la vista preliminar o la vista de causa probable para arresto. *Íd.* De esta manera, al igual que en cualquier intento por admitir prueba de referencia contra un acusado, de naturaleza testimonial, precisa dos determinaciones, (1) la no disponibilidad del testigo y (2) una oportunidad previa de haberle contrainterrogado. *Pueblo v. Lugo López,* 2024 TSPR 83, 214 DPR ___ (2024).

**III.**

En esencia, la parte peticionaria señaló que erró el TPI al denegar una solicitud del Ministerio Público, a los fines de declarar

*Testigo no Disponible* a la recurrida y; en consecuencia, excluir -o no admitir- durante el juicio el testimonio anterior de la acusada ofrecido en la vista preliminar como parte del mismo proceso penal en su contra. Adelantamos que le asiste la razón. Veamos.

Como es sabido, este Tribunal de Apelaciones actúa, esencialmente, como foro revisor. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Es por ello que nuestra encomienda principal es examinar cómo los tribunales inferiores aplican el derecho a los hechos particulares de cada caso. *Íd.*

En el caso de autos, surge del dictamen recurrido que la señora González Rivera ofreció testimonio durante la vista preliminar del caso en su contra sobre los hechos descritos en la denuncia. Al momento de declarar, bajo juramento, renunció en la vista preliminar al derecho a no auto incriminarse y, su defensa, tuvo la oportunidad de realizarle el directo más estuvo sujeta al contrainterrogatorio. En este último, nos especificó el Procurador, que la señora González Rivera "realizó múltiples admisiones que demostraron su 'intención de defraudar' al perjudicado en la ejecución de la obra contratada", aun estando asistida por abogado.[1] Lo que constituyen las únicas declaraciones que el Ministerio Público interesa utilizar en el juicio en su fondo, conforme a lo manifestado en el recurso.[2] Relato que no fue controvertido por la recurrida en su *Memorando en Oposición a Expedición de Auto de Certiorari*.

Eventualmente, durante el juicio, la recurrida decidió acogerse a su derecho a guardar silencio y a que el mismo no pueda ser utilizado en su contra. Esto, a pesar de que, como expone el foro recurrido, en el dictamen impugnado, que "la defensa había

---

[1] Véase, ***Urgente* Petición de *Certiorari***, a la pág. 3.
[2] *Íd.*, a las págs. 13-14.

manifestado que la dama acusada se proponía declarar en este proceso".

El Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, consagra el derecho de todo ciudadano a no incriminarse. No obstante, es importante destacar que el derecho a la autoincriminación **no es absoluto**. *Pueblo v. Millán Pacheco*, supra, a la pág. 610. El ciudadano **puede renunciar a este derecho mediante una renuncia voluntaria, consciente e inteligente**. *Íd.*

El derecho a guardar silencio y, a la no auto incriminación, además de un derecho constitucional es uno de los privilegios reconocidos por el derecho probatorio puertorriqueño a favor de las personas acusadas. Reglas 501 y 502 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 501 y 502. Este derecho no se levanta sorpresivamente, pues, es un derecho que cobija al acusado durante todo el proceso penal y que puede ser levantado durante todos los procedimientos bajo las condiciones adecuadas.

Sabido es, como previamente advertimos, que la protección concedida en virtud del derecho a la no autoincriminación tiene el propósito de evitar que se someta a un individuo al cruel "trilema" de tener que escoger entre decir la verdad y acusarse a sí mismo, mentir y ser hallado incurso en perjurio o rehusarse a declarar y ser hallado incurso en desacato. Véase E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. 1, pág. 118. **No obstante, cuando la parte renunció anteriormente a este derecho y de manera libre, voluntaria e inteligentemente prestó su testimonio, resolvió ese "trilema" sobre las expresiones específicas que constan en récord del tribunal. De manera que, a esas expresiones anteriores, no le puede aplicar un derecho ya renunciado al momento de prestarlas.**

Ahora bien, para admitir ese testimonio anterior corresponde a este tribunal precisar si se configuran los dos aspectos principales: (1) la no disponibilidad del testigo y (2) una oportunidad previa de haberle contrainterrogado. *Pueblo v. Lugo López, supra.* La Regla 806 de las Reglas de Evidencia, *supra*, en su inciso (A)(1), establece que la definición de testigo no disponible incluye a una persona exenta de testificar en esta parte del proceso por razón de un privilegio reconocido en las reglas de evidencia.

Así las cosas, habiéndose acogido a su derecho a guardar silencio para no auto incriminarse y no testificar en el juicio por virtud de uno de los privilegios reconocido bajo Reglas de Evidencia de Puerto Rico, la recurrida es, en efecto, una testigo no disponible.

Sobre el segundo aspecto, en cuanto a la oportunidad de contrainterrogar, según surge del expediente, la acusada prestó testimonio como testigo, sometiéndose al directo y al contrainterrogatorio durante la vista preliminar en un procedimiento con motivo similar al del juicio. Ello, toda vez que la vista preliminar se realizó para determinar causa probable para el juicio que hoy motiva el presente recurso. Así que, comenzado el procedimiento criminal en contra de una persona acusada, durante todas sus etapas, la parte tiene conocimiento de las consecuencias a las que se enfrenta de ser encontrada culpable, y aun así, decide, por la razón que fuera, renunciar a su derecho a la no autoincriminación durante el procedimiento prestando testimonio a sabiendas de las advertencias que le fueron ofrecidas, se satisfizo este elemento. Ello, según fuera decretado por nuestro Tribunal Supremo en *Pueblo v. Torres García*, supra.

De esta manera, es forzoso concluir que erró el foro primario al no declarar como *Testigo no Disponible* a la señora González Rivera y; en consecuencia, fallar en admitir el testimonio anterior prestado por esta en la vista preliminar. No podemos obviar que en

dicho procedimiento existen suficientes garantías circunstanciales de confiabilidad, máxime cuando, como indicamos, la recurrida estuvo asistida de representación legal. Véase, *Pueblo v. Ríos Nogueras,* supra.

Por último, y respecto al razonamiento del TPI, debemos colegir que no procede hacer una analogía con una vista de supresión de evidencia. En una vista de supresión de evidencia el motivo no es similar al del juicio. En este sentido, en la vista de supresión de evidencia la parte debe admitir ciertos hechos para lograr que se determine que la intervención y la incautación de evidencia se realizó de manera ilegal. Por lo que, el motivo de la vista es suprimir la evidencia recopilada ilegalmente, y no determinar la culpabilidad del acusado con privación de la libertad como consecuencia.

En conclusión, el TPI incurrió en el error señalado por el peticionario.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* y revocamos la *Minuta Resolución* recurrida. En consecuencia, dejamos sin efecto la paralización de los procedimientos y se devuelve el caso ante el foro primario para la continuación de los mismos, acorde con lo aquí resuelto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones